# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

LA MICHOACANA NATURAL, LLC
a North Carolina limited liability company,

        Plaintiff,

vs.                                     Civil Action No. 3:17cv727

LUIS MAESTRE, an individual, d/b/a
LA MICHOACANA and/or LA LINDA
MICHOACANA; ADRIANA TERAN,
an individual, d/b/a LA MICHOACANA
and/or LA LINDA MICHOACANA; and
LA MICHOACANA, a business entity,
form unknown.

        Defendants.

_____

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff LA MICHOACANA NATURAL, LLC ("Plaintiff"), a North Carolina limited liability company, by and through its undersigned attorneys, brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants LUIS MAESTRE, an individual doing business as LA MICHOACANA and/or LA LINDA MICHOACANA; ADRIANA TERAN, an individual doing business as LA

1

MICHOACANA and/or LA LINDA MICHOACANA; and LA MICHOACANA, a

business entity, form unknown, (collectively "Defendants"). Plaintiff alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin,

unfair competition, passing off and false advertising in violation of Sections 32

and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §1051 *et*

*seq*. 15 U.S.C. §§ 1114 and 1125(a); for bad faith and violation of the

Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1)

(A); for Copyright infringement under the Copyright Act of the United States, 17

U.S.C. § 101, *et seq*.; for trademark infringement in violation of North Carolina

statute; for unfair competition in violation of North Carolina common law; and for

unfair and deceptive trade practices and unfair methods of competition in violation

of the North Carolina Unfair and Deceptive Trade Practices Act, codified at N.C.

Gen. Stat. § 75-1.1, *et seq*. In particular, this action arises as the result of

Defendants' knowing and willful violation of Plaintiff's rights in its famous and

distinctive trademarks, namely: **LA MICHOACANA,**

 , , and  (the "LA MICHOACANA Marks").

2.      Plaintiff's distinctive LA MICHOACANA Marks have been in continuous

use in North Carolina, by Plaintiff at least since August 01, 2014, were used by

2

Plaintiff's principal and have been in continuous use in Florida, since 1999 and are famous and well-known in connection with the retail ice cream industry in North Carolina and elsewhere. Despite, Plaintiff's prior use and over its' protest, Defendants have used and continue to use marks and designations that are virtually identical and confusingly similar to Plaintiff's LA MICHOACANA Marks, in commerce without authorization and with full knowledge that they are not authorized to use those marks. Plaintiff alleges that Defendants willfully adopted and used in commerce, exact copies of Plaintiff's LA MICHOACANA marks and confusing derivatives including LA LINDA MICHOACANA ("the cute MICHOACANA"), as well as an exact replica of Plaintiff's original Indian girl doll design,  and other such names, designs and designations that wholly incorporate, are confusingly similar and are likely to be confused with Plaintiff's LA MICHOACANA Marks. Plaintiff seeks injunctive relief, monetary damages in excess of $75,000.00, trebled, exclusive of interest, costs, restitution, attorneys' fees and all appropriate relief, including an order enjoining Defendants from using Plaintiff's trademarks and service marks in connection with their business.

## JURISDICTION, AND VENUE

3.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§1331 and 1338

3

Because Plaintiff's claims for violations of the United States Trademark Act, Title 15 of the United States Code, and the Copyright Act arise under federal law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

4.       Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b), and 28 U.S.C. §1400, because a substantial part of the events or omissions giving rise to the claim occurred in this District and the impact of Defendant's misconduct occurred in this District.

## THE PARTIES

5.       Plaintiff, LA MICHOACANA NATURAL, LLC, is a limited liability company existing under the laws of the State of North Carolina formed by its manager, Rigoberto Fernandez on November 15, 2013, when Mr. Fernandez moved to Charlotte, North Carolina after having successfully established and operated an ice cream business in the State of Florida by the name of El Michoacano, Natural Inc., which since 1999, used Plaintiff's LA MICHOACANA Marks in Interstate commerce.  Since 1999, Mr. Fernandez has continuously engaged in the business of operating ice cream parlors and retail stores featuring Mexican-style ice cream, "paletas", ice cream and fruit bars, shakes and fruit drinks and related frozen confections throughout Florida. Plaintiff is the exclusive North Carolina State licensee of the Marks of the LA MICHOACANA Marks

4

owned by PRODUCTOS LACTEOS TOCUMBO, S.A. de C.V., a Mexican Corporation, which has used and licensed the LA MICHOACANA Marks, worldwide, at least since 1995, and whose principal family members have used and made the mark LA MICHOACANA famous in connection with ice cream since the 1940's in Mexico. Plaintiff is the owner of all substantial rights to the LA MICHOACANA Marks in the State of North Carolina, including, without limitation, the exclusive rights: to adopt, use and to register the LA MICHOACANA Marks; to exclude importations and sales in its licensed territory by all others; and to enforce infringements of the licensed trademarks in court.

6.     Plaintiff is also the exclusive licensee in North Carolina of a derivative work featuring the Indian girl doll design set above an offset popsicle-shape in goldenrod  as was created by Mr. Fernandez' sister in 2012 and which has been used by Plaintiff in North Carolina.

7.     Since at least as early as August 01, 2014, Plaintiff has continuously owned and operated retail ice cream stores within this District that use and display the LA MICHOACANA marks as a source identifier. Plaintiff currently owns and operates retail ice cream parlors within this District including at the locations of 6301 North Tryon Street, Charlotte, North Carolina 28213 and at 6300 South Boulevard, Suite 100, Charlotte, North Carolina 28213.  Plaintiff has acquired considerable good will under the LA MICHOACANA Marks by reason of its', its licensor's and its predecessors'

5

continuous and exclusive use of the LA MICHOACANA Marks in Florida, North Carolina and elsewhere throughout the United States. Plaintiff has acquired a considerable reputation for high quality goods and services under the LA MICHOACANA Marks, and, as a result of Plaintiff's, its' manager's, licensor's and predecessors' efforts, Plaintiff's LA MICHOACANA Marks have acquired a special significance and Plaintiff has established a customer base and developed customer loyalty for its goods and services in North Carolina and throughout the United States and Mexico.

8.     Plaintiff registered its **LA MICHOACANA** trademark with the State of North Carolina in connection with "ice cream, ice cream bars, frozen confections, frozen flavored waters, fruit ice bars, frozen juice bars and freezer pops" in Class 30 on September 7, 2016. Registration No. T-22396. A true copy of such registration is appended hereto as Exhibit **"A"**.

9.     Plaintiff registered its **LA MICHOACANA** service mark with the State of North Carolina in connection with "retail shops featuring ice cream, frozen fruits and flavored waters; retail store services featuring a variety of goods of others; retail variety stores" in Class 35 on September 7, 2016. Registration No. T-22397. A true copy of such registration is appended hereto as Exhibit **"B"**.

10.     Plaintiff registered its **LA MICHOACANA** service mark with the State of

North Carolina in connection with "ice cream parlors; ice cream shop services in the nature of a restaurant; serving of food and drinks" in Class 43 on September 7, 2016. Registration No. T-22400. A true copy of is appended hereto as Exhibit **"C".**

11. Plaintiff registered its "design of an Indian girl doll"  trademark with the State of North Carolina in connection with "ice cream, ice cream bars, frozen confections, frozen flavored waters, fruit ice bars, frozen juice bars and freezer pops" in Class 30 on September 7, 2016. Registration No. T-22401. A true copy of such registration is appended hereto as Exhibit **"D"**.

12. Plaintiff registered its "design of an Indian girl doll"  service mark with the State of North Carolina in connection with "retail shops featuring ice cream, frozen fruits and flavored waters; retail store services featuring a variety of goods of others; retail variety stores" in Class 35 on September 7, 2016. Registration No. T-22403. A true copy of such registration is appended hereto as Exhibit **"E"**.

13. Plaintiff registered its "design of an Indian girl doll"  service mark with the State of North Carolina in connection with "ice cream parlors; ice cream shop services in the nature of a restaurant; serving of food and drinks" in Class 43 on September 7, 2016. Registration No. T-22402. A true copy of such registration is appended hereto as Exhibit **"F"**.

7

14. On September 7, 2016, Plaintiff also registered its "**La MICHOACANA**  **es…natural**" (and design) trademark with the State of North Carolina in connection with: "ice cream, ice cream bars, frozen confections, frozen flavored waters, fruit ice bars, frozen juice bars and freezer pops" in Class 30 (Registration No. T-22395); "retail shops featuring ice cream, frozen fruits and flavored waters; retail store services featuring a variety of goods of others; retail variety stores" in Class 35 (Registration No. T-22398); and "ice cream parlors; ice cream shop services in the nature of a restaurant; serving of food and drinks" in Class 43 (Registration No. T-22399. A true copy of such registrations are respectively is appended hereto as Exhibits **"G", "H"** and **"I"**.

15. On August 23, 2011, Plaintiff's licensor filed U.S. Application Serial No. 85/405347 to register its **LA MICHOACANA** trade and service mark with the United States Patent and Trademark Office in connection with a variety of goods and services including, "Milk drinks containing fruits; Coffee based beverages; Cones for ice cream; Edible fruit ices; Flavorings for beverages; Frozen yoghurt; Fruit ice; Fruit ice bar; Ice candies; Ice cream; Ice cream desserts; Ice cream drinks; Ice-cream cakes; Flavored waters; Frozen fruit beverages; Fruit beverages; Fruit juices and fruit drinks; Fruit-based beverages; Ice cream soda; Smoothies; Sorbets in the form of beverages; Retail ice cream store services; Distribution services, namely, delivery of dairy products, ice-cream,

8

flavored waters and bottled drinking waters; Ice cream parlors; Ice cream shop services in the nature of a restaurant" in International Classes 16, 25, 29, 30, 32, 35, 39, and 43,

16.     On August 17, 2006, Plaintiff's licensor filed an application to register its "**LA MICHOACANA Natural**" (**and design**) trade and service mark  with the United States Patent and Trademark Office in connection with "Cones for ice cream; Flavored ices; Frozen yoghurt ; Fruit ice; Fruit ice bar; Fruit ices; Ice; Ice candies; Ice cream; Ice cream drinks; Ice cream mixes; Ice cream powder; Ice cubes; Ice milk bars; Ice-cream cakes in International Class 30 and for "Retail shops featuring ice cream, fruit bars, drinks and snacks; Retail stores featuring ice cream, fruit bars, drinks and snacks" in International Class 35, U.S. Application Serial No. 78/954490.

17.     Defendant LUIS MAESTRE is an individual, resident of this Judicial District who is operating an ice cream store at the location of 280 Concord Parkway South, Suite 112, Concord, North Carolina that uses the names LA MICHOCANA and/or LA LINDA MICHOACANA and which infringes on Plaintiff's LA MICHOACANA marks and designs. Defendant LUIS MAESTRE is believed to be doing business under the assumed name LA MICHOACANA and is responsible for the acts and omissions of such Defendant. Plaintiff is informed and believes that LUIS MAESTRE willfully and intentionally adopted, used and continued using the Plaintiff's LA MICHOACANA Marks with prior knowledge of such marks, in bad faith and for his own personal gain.

9

Defendant LUIS MAESTRE has conducted, engaged in and carried out a business venture within this district and has committed tortious acts within this judicial district within the State of North Carolina where he is routinely engaged in substantial and not isolated business activity within the State. In addition, without the authorization of Plaintiff and in bad faith, on or about November 16, 2016, Defendant LUIS MAESTRE registered the Internet domain name: <www.lamichoacanapaleteria.com> ("LA MICHOACANA ice cream shop") and has used it and is using it in direct competition with Plaintiff to illegally display Plaintiff's LA MICHOACANA Marks in connection with ice cream and ice cream parlor services. A true copy of a DomainTools Domain report for the URL www.lapaleteriamichoacana.com with current WHOIS data reflecting Defendant LUIS MAESTRE as the registrant of the domain name as of November 22, 2016 is attached hereto as Exhibit **"J"** and incorporated herein by reference.

18. Defendant ADRIAN TERAN is an individual, resident of this Judicial District who is operating an ice cream store at the location of 280 Concord Parkway South, Suite 112, Concord, North Carolina that uses the names LA MICHOCANA and/or LA LINDA MICHOACANA and which infringes on Plaintiff's LA MICHOACANA marks and designs. Defendant ADRIAN TERAN is believed to be doing business under the assumed name LA MICHOACANA or LA LINDA MICHOACANA and is responsible for the acts and omissions of such Defendant. Plaintiff is informed and believes that ADRIAN TERAN willfully and intentionally adopted, used and continued

10

using the Plaintiff's LA MICHOACANA Marks with prior knowledge of such marks, in bad faith and for her own personal gain. Defendant ADRIANA TERAN has conducted, engaged in and carried out a business venture within this district and has committed tortious acts within this judicial district within the State of North Carolina where she is routinely engaged in substantial and not isolated business activity within the State of North Carolina.

19.     LA MICHOACANA is business entity form unknown, subject to the personal jurisdiction of this Court because such Defendant maintains an ice cream store at the location of 280 Concord Parkway South, Suite 112, Concord, North Carolina that uses the names LA MICHOCANA and/or LA LINDA MICHOACANA and which infringes on Plaintiff's LA MICHOACANA marks and designs. Plaintiff is informed and believes that such Defendant willfully and intentionally adopted, used and continued using the Plaintiff's LA MICHOACANA Marks with prior knowledge of such marks, in bad faith and for its own personal gain. Defendant has conducted, engaged in and carried out a business venture within this district and has committed tortious acts within this judicial district within the State of North Carolina where it is engaged in substantial and not isolated business activity within the State of North Carolina.

20.     On or about September 16, 2015, Defendants and each of them, (with knowledge of Plaintiff's LA MICHOACANA Marks and with the bad faith intent to trade on the fame of such marks by passing off infringing goods and services of their own),

11

began operating an ice cream parlor (no less than 13 miles from one of Plaintiff's own ice

cream shops), at 280 Concord Park Way South, Suite 112, Concord, North Carolina

and Defendant has engaged in other infringing acts, including using menus, signage,

advertisements and other materials which intentionally copy, incorporate, infringe upon

and dilute Plaintiff's LA MICHOACANA Marks, including, without limitation,



and by related acts of false, confusing and misleading advertisement in connection with

the sale of competitive and infringing ice cream related goods and services via print

advertisements and Social Media, particularly including, without limitation:

via two profile pages on Facebook, namely:

- www.facebook.com/La-Michoacana-de-Concord-Paleteria-y-Neveria-1133505426678271/

-www.facebook.com/pages/La-Linda-Michoacana/536310586570402?nr

(A true printout of the Defendants' Facebook profile pages are collectively attached

hereto as Exhibit **"K"** and incorporated by reference).    Such acts have confused and

misled customers of Plaintiff's goods and services and are likely to confuse consumers of

the respective parties' goods and services

21.  As a further example of Defendant's intentional infringement, set forth below is a photograph taken of the Defendants' store in August 2015, prior to the date of its opening. Shown in the foreground is a business card that had been used to promote the Plaintiff's business and its LA MICHOACANA Marks:



Without doubt therefore, Defendants' had access to Plaintiff's unique and distinctive logo design, and willfully and intentionally copied such design along with other copyrightable aspects of the Plaintiff's business card, including the trademark LA MICHOACANA and the wording "natural fruit bars & ice cream" in unfair competition with the Plaintiff and with the intention and effect of causing public confusion and dilution of Plaintiff's marks as well as the look and feel of Plaintiff's prior used logos, images and advertising copy.

22.  Well prior to this action, Defendants were notified in writing that their actions infringed the trademarks and copyrights of Plaintiff in a letter demanding they cease and desist from any further unauthorized use of Plaintiff's, distinctive and famous

marks, including: **LA MICHOACANA,**  ,  and 

in any manner. A true copy of one such notification is attached hereto as Exhibit "**L**".

Despite knowledge of Plaintiff's exclusive rights, Defendants have failed and refused to

refrain from any further unauthorized use and are willfully and intentionally violating

Plaintiff's rights and must be enjoined therefrom.

23.    All conditions precedent to filing this action have been. performed, waived

or excused. Plaintiff has retained the undersigned attorneys to represent it in this action

and has agreed to pay its attorneys a reasonable fee for their services.

<u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

24.    Subsequent to Plaintiff's, its manager's (and Plaintiff's licensor's) use of

Plaintiff's LA MICHOACANA Marks, designs and advertising copy, Defendants

adopted, used and are continuing to use a one or more marks, designs and designations

that are identical or nearly identical and confusingly similar to Plaintiff's prior-used,

distinctive and famous trade and service Marks, including "LA MICHOACANA", "LA

LINDA MICHOACANA (the cute MICHOACANA") and are infringing Plaintiff's LA

MICHOACANA Marks,  ,  and . Defendants' have

and are intentionally using confusingly similar and misleading designations which copy

14

Plaintiff's LA MICHOACANA Marks for use in connection with their own competing ice cream goods and ice cream parlor services in direct competition with Plaintiff; are unlawfully infringing Plaintiff's prior trade names and designations in connection with its services and in advertising, on its websites and through other means and media.

25.     Defendants' adoption, use and promotion of such trade names, marks and designations which incorporate Plaintiff's LA MICHOACANA Marks and which are identical and confusingly similar to Plaintiff's Trade and Service Marks for the same and substantially similar services, creates a likelihood of confusion, deception and misrepresentation as to the source of the services, unlawfully diverts business from Plaintiff's business to Defendants', and is without Plaintiff's authorization or consent. Moreover, Defendants have caused actual confusion among Plaintiff's customers, prospective customers, and others in the marketplace. Furthermore, Defendant's use of such marks is misleading, geographically misdescriptive and conveys a false designation of origin for their goods and services. As a result, Plaintiff has suffered and continues to suffer injuries to its business in North Carolina and throughout the United States.

26.     Upon discovering Defendants' wrongful acts, Plaintiff informed Defendants of its rights in the LA MICHOACANA Marks and designs and demanded that Defendants take immediate steps to cease and desist all infringing use and advertising thereof and any other marks, names, and internet domain names confusingly similar thereto. Defendants has failed and refused to cease such infringing uses or otherwise comply with

Plaintiff's demands. Defendant' acts of infringement and other violations of Plaintiff's rights are thus deliberate and willful. See Exhibit "**L.**"

## FIRST CLAIM FOR RELIEF
### Trademark Infringement—15 U.S.C. §1114 (All Defendants)

27.    This is an action for damages in excess of $75,000, exclusive of interest, attorney's fees and court costs.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint.

28.    Plaintiff's LA MICHOACANA Marks, as used by Plaintiff and its manager Licensor, predecessors and related companies on and in connection with ice cream and ice cream parlor services, are well-known and distinctive marks that have been and have become associated with Plaintiff, and thus exclusively identifies Plaintiff's products and business.   Plaintiff adopted, used and had rights prior to those of Defendants in its LA MICHOACANA Mark, and Defendants have willfully and knowingly adopted and used a mark that is essentially the same as or confusingly similar to Plaintiff's, such that consumers are likely to confuse the respective parties' goods and services.

29.    Plaintiff has used the LA MICHOACANA Marks consistently and prominently in interstate commerce and they are valid, protectable marks.

30.    Plaintiff has made a substantial investment in the advertisement, marketing,

and promotion of the LA MICHOACANA Marks and through extensive and continuous use in interstate commerce, marks have come to be associated with Plaintiff and identify Plaintiff as the source of the goods offered in connection therewith.

31. Because of Defendants' wrongful use of Plaintiff's Mark, consumers are falsely and deceptively led to believe that Defendants' goods and services originate with or are sponsored or otherwise approved by Plaintiff, and/or that Defendant's goods are derived or originating from the Plaintiff and its business conducted in the Mexican State of Michoacán.

32. Defendants' unauthorized use of the Plaintiff's and its Licensors' Marks and Defendants offering and sale of the infringing goods in interstate commerce constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a). Alternatively, Defendants' use will cause patrons to believe that Plaintiff's Marks are generic or descriptive, thus destroying the goodwill and value Plaintiff and its parent and predecessors has/have built with its LA MICHOACANA Marks.

33. Defendants' wrongful use of Plaintiff's Marks is likely to cause confusion as to the source or origin of the parties' respective services or alternatively, destroy the origin-identifying function of Plaintiff's distinctive trade and service mark.

34. Defendants' wrongful use of Plaintiff's LA MICHOACANA Marks

17

including in commercial use, advertising or promotion, misrepresents the nature, characteristics, qualities, and geographic origin of their own goods, services and commercial activities.

35.     Defendants' wrongful use in commerce of its own counterfeit, copy, or colorable imitation(s) of Plaintiff's LA MICHOACANA Marks in connection with the sale, offering for sale, distribution, or advertising of their competitive goods or services is likely to cause confusion, or to cause mistake, or to deceive; Defendants' use of such labels, signs, prints, packages, wrappers, receptacles or advertisements in connection with the sale, offering for sale, distribution, or advertising of their own competing goods or services is likely to cause confusion, or to cause mistake, or to deceive consumers.

36.     Defendants' use in commerce of the identical and infringing marks and the advertisement and sale of the unauthorized and infringing goods and services by Defendants have caused and are likely to cause confusion, or to cause mistake or deceive consumers.

37.     Defendants have been specifically warned in writing to cease their unauthorized use of the infringing marks but nonetheless have continued to use them.

38.     Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception, and profiting therefrom.

18

Accordingly, Plaintiff is entitled to recover all damages sustained by it, all of Defendants'

profits as a result of the infringement, and all costs of the action, including attorneys'

fees. In addition, the acts of Defendants have caused irreparable harm to Plaintiff and,

unless restrained and enjoined by this Court, will continue to cause irreparable damage,

loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**SECOND CLAIM FOR RELIEF**
**Unfair Competition/False Designation of Origin-15 U.S.C. §1125(a) (All Defendants)**

39.    The allegations of paragraphs 1 through 38 are realleged and incorporated

by reference.

40.    Defendants' conduct as alleged above constitutes false designation of origin

in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that consumers

are likely to believe that the infringing goods and services offered by Defendants are

provided by Plaintiff, or originates from Plaintiff, or is licensed, sponsored, or approved

by Plaintiff, or that there is some affiliation or connection between Plaintiff and

Defendants when there is none.

41.    Defendants conduct further falsely leads consumers to believe that

Defendants' goods and services originated with the Plaintiff's Manager's family and/or

has some connection to the famous LA MICHOACANA ice cream brand used since the

19

1940's and registered by Plaintiff's licensor in Mexico and used by Mr. Fernandez in Florida since 1999.

42.    Defendants have been specifically warned in writing to cease from their unauthorized use of the infringing marks, designs and designations, but nonetheless have continued to use them.

43.     The public is likely to be confused, deceived or otherwise misled by Defendants' knowing and willful unauthorized use of the Infringing marks, designs and designations.

44.    Defendants' conduct constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.    The acts of Defendants have caused irreparable harm to Plaintiff and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

46.    Plaintiff has sustained actual damages as a result of Defendants' actions, in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**Federal Trademark Dilution--15 U.S.C. 1125(c) (all Defendants)**

47.    Plaintiff repeats and each and every allegation of paragraphs 1 through 46 as though fully set forth herein.

48.    Plaintiff's LA MICHOACANA trademark and its design of an Indian girl

20

are famous marks and had become famous prior to Defendant's commencement of business in September 2015, and prior to the date in which Defendants registered the Internet domain name www.lamichoacanapaleteria.com and at any time prior to any use of any related mark in conjunction with Defendants goods and services offered to the public as alleged.

49.     Plaintiff's LA MICHOACANA Marks are inherently distinctive to the public and the trade with respect to goods and services particularly related to Mexican-style ice cream, fruit bars and ice cream parlor services.

50.     By their wrongful acts, Defendants have, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's famous LA MICHOACANA mark and its Indian Girl Design mark  by diluting and blurring their distinctive quality.

51.     Defendant's aforementioned acts constitute willful dilution of Plaintiff's trademarks in violation of the Federal Trademark Dilution Act, codified at Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

### FOURTH CLAIM FOR RELIEF
### Cybersquatting- 15 U.S.C. § 1125(d)  (All Defendants)

52.     Plaintiff repeats the preceding paragraphs 1 through 51 as though fully set forth herein.

53.     Defendants operate a commerce related Web site on the World Wide Web at http://www.lamichoacanapaleteria.com/. ("La Michoacana ice cream store").    A recent report showing Defendant Luis Maestre as the registrant of such domain name as of on or about November 22, 2016 is attached hereto as Exhibit **J.**  A true copy of a printout of the Defendants' website operated at such URL is attached hereto as Exhibit **"M"** and incorporated herein by reference.   The website shows infringing copies of Plaintiff's trademarks and designs used in connection with ice cream and ice cream parlor services. Further, as stated thereon: "*Founded in 2015 by Adriana Teran and your (sic) husband Luis Maestre, LA MICHOACANA has been serving the Concord North Carolina area for quite some time now, becoming the best Ice Cream Shop around.*"

54.     The Defendant's Internet domain name is confusingly similar to, wholly incorporates and dilutes the distinctive quality of Plaintiff's famous LA MICHOACANA Marks.    Defendant Maestre registered the domain name in bad faith with actual knowledge of Plaintiff's rights in the LA MICHOACANA Marks. Each of the Defendants have used and continue to use, the infringing domain name to confuse consumers and divert consumers from Plaintiff's business by directing them to the Defendant's website and competing business. The resulting website displays infringing LA MICHOACANA marks and images which are exclusively owned and licensed to Plaintiff for use in the State of North Carolina and references Defendants' competing ice cream goods and services.

22

55.      Maestre acted with a bad faith intent to profit from his registration and use

of the domain name evidenced from his prior knowledge of the famous LA

MICHOACANA Marks as had been used by Plaintiff in the same geographical area as

because he lacked any intellectual property rights in the infringing domain name or

Infringing Marks at the time he registered and each time he has renewed the domain

name. In addition, Defendants' blatant, intentional and repeated infringements and

violations of the Plaintiff's LA MICHOACANA Marks and designs demonstrates his and

his wife's intent to confuse and divert customers from Plaintiff for Defendants' own

commercial gain.

Plaintiff has been damaged by Defendants' unlawful use of the domain name and will

suffer irreparable harm.

56.      Defendants' acts, as aforesaid, are in violation of the Anticybersquatting

Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

**FIFTH CLAIM FOR RELIEF**
**Infringement of Copyright (All Defendants)**

57.      Plaintiff refers to and incorporates paragraphs 1 to 56 above as though fully
set forth herein.

58.      In March 2012, Plaintiff's Manager's sister modified Plaintiff's Indian girl

logo         to creative a derivative work that since 2012, has been widely used in

Interstate commerce to promote Plaintiff's business and a closely related business in

California:  . Examples of such use include the business card shown in the foreground of the image displayed at Paragraph 21 above and as shown below:

Such images were displayed online and related photographs and news articles regarding Plaintiff's business such as the one attached hereto as Exhibit "N" appearing in the *Charlotte Observer* and online (at http://www.charlotteobserver.com/living/food-drink/ article9202772.html) in October 2014 were published between 2012 and 2014 and thereafter.

59.    Plaintiff is the exclusive owner of all rights in and to the Indian Girl logos and designs in North Carolina, including the right to bring suit for infringing use thereof.

60.    Beginning in September 2015 and through the present date, Defendants deliberately and intentionally copied the Plaintiff's store signage, advertisements, menus, business cards and websites   and, most importantly, have used and displayed identical copies of the Plaintiff's design   and the words: LA MICHOACANA "natural fruit bars & ice cream".

61.    Defendants have copied Plaintiff's original designs, fonts, logos and advertising copy in a manner that clearly infringes on Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to

produce, reproduce, and distribute copies of such work, and to publicly display the modified Indian girl doll logo design and unless enjoined, they will continue do so.

62. At no time did Plaintiff authorize Defendants to use their original works, or to reproduce, adapt, or distribute such works, and to the contrary, have demanded that they cease and desist from such use.

63. Each consumer that is wrongfully diverted to Defendants (who operate in the same geographical region as Plaintiff) constitutes the loss of related revenues Plaintiff could reasonably have expected to earn.

64. As a direct result of Defendants' actions, including infringement of Plaintiff's rights, Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damages in an amount exceeding $100,000.00 and as proven at trial.

65. Plaintiff is entitled to a permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

66. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages Defendants have obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiff is informed and believes, and on that basis alleges, that Defendants obtained such gains, profits and advantages in an amount exceeding $200,000.00.

### SIXTH CAUSE OF ACTION
### Statutory Trademark Infringement -N.C. Gen. Stat. §80-11 (All Defendants).

67. The allegations of paragraphs 1 through 66 are realleged and incorporated by reference.

25

68.     Defendants' conduct as alleged above was and is in and affecting commerce in the State of North Carolina and within this Judicial District.

69.     Plaintiff is the owner of the following North Carolina state trademark registrations for its valid and protectable marks:

| Mark | Goods/Services | Reg. No. | Exhibit. |
|---|---|---|---|
| **LA MICHOACANA** | "ice cream, ice cream bars, frozen confections, frozen flavored waters, fruit ice bars, frozen juice bars and freezer pops" in Class 30 | T-22396 | A |
| **LA MICHOACANA** | "retail shops featuring ice cream, frozen fruits and flavored waters; retail store services featuring a variety of goods of others; retail variety stores" in Class 35 | T-22397 | B |
| **LA MICHOACANA** | "ice cream parlors; ice cream shop services in the nature of a restaurant; serving of food and drinks" Class 43 | T-22400 | C |
|  | "ice cream, ice cream bars, frozen confections, frozen flavored waters, fruit ice bars, frozen juice bars and freezer pops" Class 30 | T-22401 | D |
|  | "retail shops featuring ice cream, frozen fruits and flavored waters; retail store services featuring a variety of goods of others; retail variety stores" in Class 35 | T-22403 | E |
|  | "ice cream parlors; ice cream shop services in the nature of a restaurant; serving of food and drinks" Class 43 | T-22402 | F |

| | | | |
|---|---|---|---|
|  | "ice cream, ice cream bars, frozen confections, frozen flavored waters, fruit ice bars, frozen juice bars and freezer pops" in Class 30 | T-22395 | G |
|  | "retail shops featuring ice cream, frozen fruits and flavored waters; retail store services featuring a variety of goods of others; retail variety stores" in Class 35 | T-22398 | H |
|  | "ice cream parlors; ice cream shop services in the nature of a restaurant; serving of food and drinks" Class 43 | T-22399 | I |

70.     The activities of Defendants and use of identical copies and colorable imitations of such marks as described in this Complaint are likely to cause consumer confusion and constitute statutory trademark infringement of Plaintiff's trademark rights in the respective marks shown above, each constituting a separate violation of N.C. Gen. Stat. § 80-11 and violation of N.C. Gen. Stat. § 75-1.1 et seq. in accordance with N.C. Gen. Stat. § 80-12.

71.     Defendants adopted and continued use of the Plaintiff's registered marks with actual knowledge of Plaintiff's prior rights in the Plaintiff's LA MICHOACANA marks and Indian girl doll design, or was recklessly and willfully blind to Plaintiff's prior rights in and to such trademarks.

72.     Defendants' use of copies, and colorable imitation of Plaintiff's mark registered in North Carolina in made in connection with the sale, offering for sale, or advertising of infringing and counterfeit ice cream goods and ice cream parlor services and such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods and services.

73.     Defendants' have reproduced, copied and imitated Plaintiff's registered marks and have applied those marks to labels, signs, prints, packages, wrappers, receptacles, and advertisements intended to be used upon or in conjunction with the sale of ice cream and ice cream shop parlor services in this State.

74.     Defendants' conduct constitutes misappropriation of valuable property rights of Plaintiff and trading on the goodwill symbolized by the distinctive LA MICHOACANA Marks and their distinguishing characteristics, and is thereby likely to confuse and deceive members of the purchasing public.

75.     As a result of Defendants' acts, which were committed with knowledge and in bad faith with intent to cause public confusion, mistake and deception, Plaintiff has been and is being irrevocably harmed and is entitled to an injunction and to recover Defendants' profits and Plaintiff's losses in an amount to be shown at trial, but no less than $200,000.00. Plaintiff is further entitled to treble damages and attorney's fees for Defendants' unfair and deceptive acts.

## SEVENTH CAUSE OF ACTION
## Unfair and Deceptive Trade Practices—N.C. Gen. Stat §75-1.1 (All Defendants)

76.     The allegations of paragraphs 1 through 75 are realleged and incorporated by reference.

77.     Defendants' acts and conduct as alleged above, constitutes unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. §751.1 et seq.

78.     Plaintiff has suffered actual injury and has been damaged by Defendants' unfair and deceptive acts.

79. Pursuant to N.C. Gen Stat. §75-1.1 et seq., Plaintiff is entitled to treble damages and attorney's fees for Defendants' unfair and deceptive acts.

80. By their conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff. Plaintiff has no adequate remedy at law.

**EIGHTH CAUSE OF ACTION**
**Common Law Trademark  Infringement And Unfair Competition (All Defendants)**

81. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 80 of this Complaint.

82. Defendants' unauthorized use of direct and infringing copies of Plaintiff's LA MICHOCANA Marks including Plaintiff's Indian girl doll design, and other such designations are confusingly similar for the relevant ice cream related goods and services, constitutes unfair competition and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the Defendants and Plaintiff, or as to the origin, sponsorship, or approval of the Defendants' services by Plaintiff, and thereby damages Plaintiff. Defendants' wrongful use of Plaintiff's Marks deceives consumers into believing that Defendants' services originate with or are sponsored or otherwise approved by Plaintiff or, alternatively, that Defendants are the source of Plaintiff's services or the proper owner of Plaintiff's LA MICHOACANA Marks.

83. Defendants' unauthorized use of Plaintiff's Mark constitutes common law

trademark infringement and causes a likelihood of confusion, deception and mistake in Plaintiff's customers, advertisers, potential customers and potential advertisers as to the affiliation, sponsorship, or association of the Defendant' business and goods and those of Plaintiff, all of which damages Plaintiff.

84.    Defendants' acts constitute unfair competition in violation of the common law of the State of North Carolina. Defendants had knowledge of Plaintiff's use and registration of its Mark and had knowledge of the fact that Defendants had no rights paramount to those of Plaintiff.

85.    Defendants' acts of infringement will cause irreparable injury to Plaintiff if Defendants are not enjoined from infringement of Plaintiff's trademark rights, and Plaintiff does not have an adequate remedy at law. Plaintiff is entitled to injunctive relief enjoining Defendants, its/their owner(s), agents, employees, and those individuals acting in concert with them, from infringing Plaintiff's Registered Marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants and each of them, for the following relief:

A.    That this Court preliminarily and permanently enjoin Defendants, their agents, servants, employees, and attorneys and all those in active concert or participation with Defendants who receive notice of the injunction:

1)    from using any trademark, service mark, logo, trade name, domain name or

designation confusingly similar to the Plaintiff's Marks, including **LA MICHOACANA,**

 , , and/or , or any colorable imitation thereof, in any form

including advertising, both in print and electronic form, by telephone, online and all other

media and means of communications;

    2) from otherwise infringing Plaintiff's trademark rights and copyrights;

    3) from unfairly competing with Plaintiff; and

    4) from causing injury to the business reputation of Plaintiff;

    B.    That Plaintiff be awarded judgment for damages against Defendants and

each of them resulting from their violation of Section 32(a) of the Lanham Act (15 U.S.C.

§ 1114(a)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), for federal

trademark infringement and federal unfair competition, respectively, in an amount to be

fixed by the Court, which in its discretion it finds just, including:

    1)  all profits received by Defendants from sales and revenues of any kind as a

result of the actions complained of herein;

    2)  all damages sustained by Plaintiff as a result of Defendant's acts of

infringement and unfair competition, and that such damages be trebled, including

damages resulting from losses sustained by Plaintiff equivalent to a

reasonable royalty; and

    3)  monetary relief in the form of payments from Defendant to Plaintiff to cover

the costs of past or future corrective advertising; and

4) that the Defendants be ordered pursuant to 15 U.S.C. §1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a mark found to infringe Plaintiff's trademark rights, as well as all plates, matrices, and other means of making the same;

C.     Ordering Defendants to relinquish all rights in the Internet domain name: Lamichoacanapaleteria.com and directing the Registrar, godaddy.com, llc, or any other party in position to do so, to transfer the Internet domain name to Plaintiff;

D.     That, because of the deliberate and willful actions of Defendants, this action be designated an exceptional case, thereby entitling Plaintiff to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Plaintiff as a result of this action, pursuant to 15 U.S.C. § 1117, and that Plaintiff be awarded such relief;

E.     That  Plaintiff be awarded judgment for damages against Defendants and each of them resulting from their violation of the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.;*  and to the extent not provided for above, that the Court award Plaintiff monetary damages and other appropriate relief, including:

1) That Defendants' products and materials that infringe Plaintiff's copyright, (and trademarks) and any other articles that contain or embody copies of Plaintiff's artwork, logo design or other work, be impounded pursuant to 17 U.S.C. §. 503(a);

2) That Defendants' products and materials that infringe Plaintiff's copyright, and trademarks as well as any other articles that contain or embody copies of Plaintiff's artwork, logo design or other work, be destroyed pursuant to 17 U.S.C. §. 503(b);

3) That Defendants be required to provide a full accounting to Plaintiff for all profits derived from their use of Plaintiff's logo designs and their reproduction and display of unauthorized works in all media, from all sources, worldwide;

4) That Defendants be ordered to pay Plaintiff all damages, including future damages, that Plaintiff has sustained or will sustain as a result of the acts complained of herein, and that Plaintiff be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

5) That Defendants be ordered to pay to Plaintiff punitive damages as a result of Defendants' deliberate and willful misconduct;

F. That Defendants be ordered to pay pre-judgment and post-judgment interest on all applicable damages at the rate established under N.C. Gen. Stat. § 24-1;

G. That the Court grant Plaintiff any other or additional remedy to which it may be entitled as under state or common law;

H. That this Court award Plaintiff any and all relief not here enumerated that his Court deems just and equitable; and

I. That all triable issues of fact be brought before a jury.

Dated: December 19, 2017

_s/_*Albert P. Allan*

Albert P. Allan - NCBN#18882
ALLAN LAW FIRM, PLLC
409 East Boulevard
Charlotte, NC 28203
Phone: 704-371-5605
Fax: 704-372-7411
e-mail: alallan@allaniplitigation.com

Attorney for Plaintiff


_s/_*Stephen L. Anderson*
Stephen L. Anderson -CALBN 150860
ANDERSON LAW
31285 Temecula Parkway, Suite 240
Temecula, CA 92592
Phone (951) 296-1700
Fax (951) 296-0614
e-mail: attorneys@brandxperts.com

PRO HAC VICE APPLICATION pending

Attorney for Plaintiff

34