# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

LA MICHOACANA NATURAL, LLC
a North Carolina limited liability company,

            Plaintiff,

vs.                                          Case No. 3:17-cv-727

LUIS MAESTRE, an individual, doing
business as LA MICHOACANA and/or
LA LINDA MICHOACANA; ADRIANA
TERAN, an individual, doing business as
LA MICHOACANA and/or LA LINDA
MICHOACANA; and LA MICHOACANA,
a business entity, form unknown.

            Defendants.

_____

## PLAINTIFF'S OPPOSITION TO MOVANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2); MEMORANDUM IN SUPPORT THEREOF;

ACCOMPANYING PAPERS: Declarations of Albert P. Allan, Esq. and Stephen L. Anderson, Esq.

**TABLE OF CONTENTS**

Page

INTRODUCTION …………………………………………………………………1

SUMMARY OF THE ARGUMENT .................................................................1

MOVANT'S CONTENTIONS AND PLAINTIFF'S RESPONSES THERETO ……………3

RULE 12(B)(1) DISMISSAL STANDARD................................................................... 10

STANDARD FOR EXERCISING PERSONAL JURISDICTION …………………………12

CONCLUSION.................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*,
293 F.3d 707 (4th Cir. 2002)…………………………………………………………12

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 85 L.Ed.2d 528 (1985)……………………………………………………14

*\* Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
334 F.3d 390 (4th Cir. 2003)……………………..……………………………10, 11, 12, 15

*Combs v. Bakker*,
886 F.2d 673 (4th Cir. 1989) ……………………………………………………… 11

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
561 F.3d 273 (4th Cir. 2009). ………………………………………………………11

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ………………………………………………………...12

*Dataflow Companies v. Hutto*,
114 N.C. App. 209, 441 S.E.2d 580 (1994)……………………………………………..12

*De Soto Trail, Inc. v. Covington Diesel, Inc.*,
77 N.C. App. 637, 335 S.E.2d 794 (1985)……………………………………………14

*Dillon v. Funding Corp.*,
291 N.C. 674, 231 S.E.2d 629 (1977).. …………………………………………………14

*Dowless v. Warren-Rupp Houdailles, Inc.*,
800 F.2d 1305 (4th Cir. 1986)………………………………………………...………………11

*Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp.*,
737 F. Supp. 925 (W.D. Va. 1990) ………………………………………………...12

*International Shoe v. State of Washington,*
326 U.S. 310, 90 L.Ed. 95 (1945)……………………………………………..…………14

*Mattel, Inc. v. Greiner & Hausser GmbH,*
354 F.3d 857 (9th Cir. 2003)…………………………………………………..…………15

*Mylan Labs., Inc. v. Akzo, N.V.,*
2 F.3d 56 (4th Cir. 1993). …………………………………………………….......11

*New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,*
416 F.3d 290 (4th Cir. 2005). ………………………………………………...12

*O'Hare Int'l Bank v. Hampton,*
437 F.2d 1173 (7th Cir. 1971) …………………………………………………11

*Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.,*
825 F. Supp. 2d 664 (M.D.N.C. 2011). …………………………………………12

*Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp.,*
812 F. Supp. 2d 710 (E.D. Va. 2011) …………………………………………..12

*Shaffer v. Heitner,*
433 U.S. 186, 53 L.Ed.2d 683 (1977) …………………………………………14

*Thomas v. Centennial Commc'ns Corp.,*
2006 WL 6151153, at *2 (W.D.N.C. Dec. 20, 2006) ………………………………...10

*Tom Togs, Inc. v. Ben Elias Indus. Corp.,*
318 N.C. 361, 348 S.E.2d 782 (1986). …………………………………………14

**STATUTES**
Fed. Rule Civ. Pro. 4 ……………………………………………………………8-10
Fed. Rule Civ. Pro. 4(k)(1)(A) …………………………………………………12
Fed. Rule Civ. Pro. 4(h) …………………………………………………………8
Fed. Rule Civ. Pro. 4(e)(1) ……………………………………………………8-9
Fed. Rule Civ. Pro. 12(b)(1)................................................................................ 10

N.C.G.S. § 1-75.4,………............................................................................... 12, 13

**TREATISES**
2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.31 (3d ed. 2011)………………12

iv

## INTRODUCTION

Plaintiff LA MICHOACANA NATURAL, LLC ("Plaintiff"), a North Carolina LLC, by its undersigned attorneys, hereby opposes the Motion of "Luis Roberto Maestre and Adriana Maestre individually, and Luis Roberto Maestre in his capacity as authorized agent of the sole proprietorship identified in the Complaint as 'd/b/a La Michoacana and/or La Linda Michoacana'" ("Movants") to dismiss the Complaint for lack of personal jurisdiction. This opposition is supported by the Complaint on file and Exhibits thereto, the attached declarations of Albert P. Alan and Stephen L. Anderson, and the documents and exhibits filed herewith.

## SUMMARY OF THE ARGUMENT

Although the Defendants clearly and promptly received notice of this proceeding with plenty of time to defend, as the result of having respectively been properly served with the Summons and Complaint and as is reflected in the Declaration of Albert P. Alan ("Alan Decl." at ¶¶ 3-7, Exh. 1, 2) and the records on file in this action, these residents of North Carolina now seek this Court to summarily dismiss this action against them, without any supporting basis in fact or law.

Within Movants' motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction ("Dismissal Motion"), Defendants LUIS MAESTRE; ADRIANA TERAN (claiming therein to be known solely as ADRIANA MAESTRE); and an unincorporated business association known as LA MICHOACANA or LA LINDA MICHOACANA, respectively seek dismissal of the Complaint, based solely on their several improper, false, deficient, and spurious assertions alleged within pages 1-2 of their threadbare Dismissal Motion. The Dismissal Motion itself

1

consists of nothing more that the arguments of Movant's counsel, Mr. Peace, who couches his clients' assertions within numbered contentions 1-8, which themselves consist of purely inadmissible, unreliable, self-serving hearsay with absolutely no foundation. Nonetheless, a careful review of such internally inconsistent contentions makes clear that the named Defendants herein are indeed subject to the personal jurisdiction of this Court and that the allegations in the Complaint are valid, sufficient, and well-plead against these against Movants/Defendants who by their own evidence are clearly responsible for the damages and conduct as is detailed within the Complaint and supporting Exhibits.

In the face of that evidence, Movants have suggested that they are not the true owners of the establishment that is plainly infringing Plaintiff's trademarks. But rather than submitting any declarations or admissible documentation, Movants have decided to rely solely on the baseless and unsupported contentions of their counsel for the purposes of their Motion. For that reason alone, this Court should deny the Dismissal Motion in its entirety.

Furthermore, although Mr. Peace's contentions are pure hearsay with no foundation, the internally inconsistent Dismissal Motion also contains numerous admissions of fact, which themselves demonstrate that jurisdiction exists over the Defendants. Thus, not only do the Movants lack credibility, they have, in bad faith, had their counsel submit inapposite, false, and potentially perjurious information to this Court. Those actions so significantly undermine their remaining assertions that this Court should find that there is no factual or legal basis for the Dismissal Motion, and require Movants to answer the Complaint.

2

As a matter of law, Plaintiff could oppose the Dismissal Motion by simply pointing out the significant deficiencies and inconsistencies in the Movants' position and leave it at that. However, because Counsel's bald-faced assertions attempt, without submitting any sworn declarations, affidavits, or exhibits, to assert certain extrinsic facts that can readily be refuted, Plaintiff hereby specifically addresses each of Mr. Peace's contentions in turn:

**MOVANTS CONTENTION 1.** "Movants are not the owners of the sole proprietorship operating as the restaurant La Linda Michoacana. Movant Luis Roberto Maestre is currently acting as custodian for this sole proprietorship established by his brother, Luis Alejandro Maestre, who has resided since 2016 in Colombia, South America."

*PLAINTIFF'S RESPONSE:*

    A. Defendants have admitted in their Dismissal Motion that the "Movant **Luis** Roberto **Maestre** is currently acting as custodian for this sole proprietorship established by his brother." Because LUIS MAESTRE admits that he is the custodian in charge of the Fort Myers ice cream shop business which is infringing Plaintiff's trademark, he is subject to personal jurisdiction where the proprietorship is located, which is in this district..

    B. (i) Plaintiff's Complaint ("Compl.") at ¶17 specifically alleges:

> Defendant LUIS MAESTRE is an individual, resident of this Judicial District who is operating an ice cream store at the location of 280 Concord Parkway South, Suite 112, Concord, North Carolina that uses the names LA MICHOCANA and/or LA LINDA MICHOACANA and which infringes on Plaintiff's LA MICHOACANA marks and designs. Defendant LUIS MAESTRE is believed to be doing business under the assumed name LA MICHOACANA and is responsible for the acts and omissions of such Defendant. Plaintiff is informed and believes that LUIS MAESTRE willfully and intentionally adopted, used and continued using the Plaintiff's LA MICHOACANA Marks with prior knowledge of such marks, in bad faith and for his own personal gain. Defendant LUIS MAESTRE has conducted, engaged in and carried out a business venture within this district and has committed tortious acts within this judicial district within the State of North Carolina where he is routinely engaged in substantial and not

3

isolated business activity within the State. In addition, without the authorization of Plaintiff and in bad faith, on or about November 16, 2016, Defendant LUIS MAESTRE registered the Internet domain name: <www.lamichoacanapaleteria.com> ("LA MICHOACANA ice cream shop") and has used it and is using it in direct competition with Plaintiff to illegally display Plaintiff's LA MICHOACANA Marks in connection with ice cream and ice cream parlor services. A true copy of a DomainTools Domain report for the URL www.lapaleteriamichoacana.com with current WHOIS data reflecting Defendant LUIS MAESTRE as the registrant of the domain name as of November 22, 2016 is attached hereto as Exhibit **"J"** and incorporated herein by reference.

(ii) Plaintiff's Complaint at ¶53 alleges, inter alia:

Defendants operate a commerce related Web site on the World Wide Web at http://www.lamichoacanapaleteria.com/. ("La Michoacana ice cream store"). A recent report showing Defendant Luis Maestre as the registrant of such domain name is attached hereto as Exhibit **J.** The domain name was registered by Maestre on or about November 22, 2016. A true copy of a printout of the Defendants' website operated at such URL is attached hereto as Exhibit **"M"** and incorporated herein by reference. The website shows infringing copies of Plaintiff's trademarks and designs used in connection with ice cream and ice cream parlor services. Further, as stated thereon: "***Founded in 2015 by Adriana Teran and your (sic) husband Luis Maestre, LA MICHOACANA** has been serving the Concord North Carolina area for quite some time now, becoming the best Ice Cream Shop around."*

Inasmuch as such contentions set forth in the Complaint, among others, have not been refuted or addressed, and because LUIS MAESTRE admits that he is the custodian of the infringing business, the Dismissal Motion as to LUIS MAESTRE must be dismissed.

**MOVANT'S CONTENTION 2** "Adriana Teran" is not the name of either of the individual Movants. Adriana Maestre was formerly "Adriana Teran," prior to marriage to Luis Roberto Maestre."

*PLAINTIFF'S RESPONSE –*

A. This contention is simply and totally false. Its inclusion suggests that Defendants are

4

attempting to perpetrate a fraud on this Court. Movant is in fact currently known as "ADRIANA TERAN" which is believed to be her legal name. Even assuming that she had married and changed her name to ADRIANA MAESTRE, such alleged fact would not deprive this Court of personal jurisdiction over this North Carolina resident. It would only, at best, require an amendment to the caption to reflect the Defendant's true name(s).

B. This contention is plainly insufficient to overcome the many jurisdictional facts specifically alleged herein. (i) For example, as alleged in the Compl. at ¶ 53, Defendants' website recently stated: "***Founded in 2015 by Adriana Teran and your (sic) husband Luis Maestre, LA MICHOACANA*** *has been serving the Concord North Carolina area for quite some time now, becoming the best Ice Cream Shop around.*" (ii) Movant is currently using ADRIANA TERAN as her profile/user name on Facebook. In fact, Adriana Teran has recently "liked" the infringing "LA MICHOACANA" Facebook page for the Defendants' ice cream business.



See Anderson Decl. submitted herewith at ¶¶ 3-4 and Exhibits 3&4 thereto.

(iii)  Available public records for ADRIANA TERAN show that this Defendant's

5

true name is indeed ADRIANA TERAN. Although Ms. Teran is identified to be related to one or more individuals named LUIS MAESTRE (and while it appears that Defendant LUIS MAESTRE has been known by and has used numerous aliases), no marriage records for either party were located. Anderson Decl. at ¶¶ 2-4 and Exhibits 4&5 thereto.

C. This unsupported contention cannot overcome Compl. ¶18 which specifically alleges:

> "Defendant ADRIAN TERAN is an individual, resident of this Judicial District who is operating an ice cream store at the location of 280 Concord Parkway South, Suite 112, Concord, North Carolina that uses the names LA MICHOCANA and/or LA LINDA MICHOACANA and which infringes on Plaintiff's LA MICHOACANA marks and designs. Defendant ADRIAN TERAN is believed to be doing business under the assumed name LA MICHOACANA or LA LINDA MICHOACANA and is responsible for the acts and omissions of such Defendant. Plaintiff is informed and believes that ADRIAN TERAN willfully and intentionally adopted, used and continued using the Plaintiff's LA MICHOACANA Marks with prior knowledge of such marks, in bad faith and for her own personal gain.  Defendant ADRIANA TERAN has conducted, engaged in and carried out a business venture within this district and has committed tortious acts within this judicial district within the State of North Carolina where she is routinely engaged in substantial and not isolated business activity within the State of North Carolina."

**MOVANT'S CONTENTION 3**  "Adriana Maestre is not, nor has she ever been, authorized as an agent for the conduct of the business of the sole proprietorship named as Defendant in this matter."

*PLAINTIFF'S RESPONSE –*

A.   Liability for the infringing acts alleged is an issue for trial. It has no bearing on the issue of personal jurisdiction.

B.     This unsupported contention is simply false and insufficient to overcome the specific and allegation ("Compl.") at ¶53, which unequivocally demonstrates that Defendants' own website identified ADRIANA TERAN as an owner of the business. Moreover, as shown in Exhibit 6 to the Anderson Decl., recent investigation has further shown that Defendants have

distributed internationally and in at least five different languages, a software application which also clearly infringes Plaintiff's rights, by including infringing copies of Plaintiff's trademarks and designs used in connection with ice cream and ice cream parlor services. Like Exhibit M to the Complaint, each of these software applications state (in various languages) "***Founded in 2015 by Adriana Teran and your (sic) husband Luis Maestre, LA MICHOACANA has been serving the Concord North Carolina area for quite some time now, becoming the best Ice Cream Shop around.***" (Anderson Decl ¶ 5 Exh. 6)



D. The Facebook profile of Adriana Teran demonstrates that, contrary to her attorney's unfounded assertion, she does in fact operate and work at the infringing business. Set forth below is a photograph of an infringing sign taken inside on an orange wall, beside another photo

7

from Adriana Teran's Facebook page showing her with a small child behind the counter threat:

 

(See Anderson Decl. ¶¶ and Exhibits ___ hereto.)

**MOVANT'S CONTENTION 4** "The Complaint and Summons in this matter were delivered to "Adriana Teran" at the business location of La Linda Michoacana in Concord, North Carolina. The documents were received and/or signed for by an employee of the sole proprietorship who did not speak English, had not been granted any authority from the sole proprietor to accept service for legal purposes, nor was the delivery addressed to any such agent."

*PLAINTIFF'S RESPONSE* -

A. Because Movants have admitted that "[t]he Complaint and Summons in this matter were delivered to 'Adriana Teran' at the business location of La Linda Michoacana in Concord, North Carolina" service on this North Carolina resident within this District is apparently not being contested. Irrespectively, such Defendant has clearly been put on notice of this action with plenty of time to defend this action. (See Allan Decl. at ¶¶ 3-7, Exh. 1, 2.)

B. As for the unincorporated business known as LA LINDA MICHOACANA and/or LA MICHOACANA, which is being operated by her husband, LUIS MAESTRE (who also owns and operates the MOCHICA Peruvian Chicken restaurant in the same shopping plaza), Movant's contention 4 makes clear that as for the unincorporated association operating as an ice cream

8

business with LUIS MAESTRE at the helm, both the business and LUIS MAESTRE were also properly served in accordance with North Carolina law by delivering copies of the Summons and Complaint to the person who was apparently in charge of the business. [1]

C. Even assuming *arguendo* that LUIS MAESTRE was not properly served in accordance with North Carolina law, because 120 days have not yet passed since the Summons was issued, Plaintiff still has time to re-serve Mr. Maestre within the permissible time for service under FRCP Rule 4, and thus dismissal is not an appropriate or proper remedy which could be fashioned by the Court herein.

**MOVANT'S CONTENTION 5** "None of the Defendants in this matter have waived service of process by the procedure outlined for doing so in the Federal Rules of Civil Procedure."

**MOVANT'S CONTENTION 6** "The Summons and Complaint in this matter have not been personally served upon either of the individual Movants, as prescribed by Federal Rule of Civil Procedure 4(e) for service upon an individual within a Judicial District of the United States,"

---

[1] The Federal Rules of Civil Procedure directly address the service of process to an unincorporated association such as Defendant LA LINDA MICHOACANA. Fed. R. Civ. P. 4(h). Under this provision, an unincorporated association may be served: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant; … Fed. R. Civ. P. 4(h)(1). Subsection (A) also permits a plaintiff to serve a party by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1). North Carolina law permits a party to serve a summons upon an unincorporated association: a. By delivering a copy of the summons and of the complaint to an officer, director, managing agent or member of the governing body of the unincorporated association, organization or society, **or by leaving copies thereof in the office of such officer, director, managing agent or member of the governing body with the person who is apparently in charge of the office.** b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute. (emphasis added)

9

**MOVANT'S CONTENTION 7** "The Summons and Complaint in this matter have not been served upon either "Adriana Teran" (i.e., the erroneously identified proprietor/agent of the sole proprietorship identified as a Defendant in this matter), or upon Luis Roberto Maestre, the admitted current custodian of this sole proprietorship."

*PLAINTIFF'S RESPONSE TO CONTENTIONS 5, 6 and 7 –*

 A. Movants have submitted no reliable factual information supporting any of these

   contentions, The Defendants have been served with the Summons and Complaint in

   plenty of time to defend this action. (See Alan Decl. ¶¶ 3-7, Exh. 1, 2)

 B. Even assuming *arguendo* that Adriana Teran and Luis Maestre (who were unequivocally

on notice of this action in time to defend) had not waived service and were not actually properly

served in accord with North Carolina law, because 120 days have not yet passed since the

Summons was issued, Plaintiff still has time to re-serve Defendants within the permissible time

for service under FRCP Rule 4, and thus dismissal is not an appropriate or proper remedy which

could be fashioned by the Court herein.

**MOVANT'S CONTENTION 8** "The Court should hold that Plaintiff's attempted service is ineffective with respect to named individual Defendants Luis Maestre and Adriana Teran; or with respect to Defendant La Linda Michoacana; and that therefore, the Movants, including Defendant La Linda Michoacana, are not within the personal jurisdiction of the Court. Accordingly, the Complaint should be dismissed."

*PLAINTIFF'S RESPONSE*

 "Plaintiff's attempted service" was indeed effective at providing Defendants with notice

of the suit in time to defend. Without question, Defendants are North Carolina residents and an

unincorporated business association who are each amenable to service in this District and subject

to personal jurisdiction in this State where they admittedly reside and are doing business. There

10

is simply no basis in fact or law for this Court to grant the Movant's requested relief. To the

contrary, the unsupported, specious and inappropriate Dismissal Motion must be denied.

**RULE 12(B)(1) DISMISSAL STANDARD**

The Federal Rules of Civil Procedure provide for dismissal where the court lacks

personal jurisdiction over a particular defendant. Plaintiff has the burden of proving personal

jurisdiction. *Thomas v. Centennial Commc'ns Corp.*, 2006 WL 6151153, at *2 (W.D.N.C. Dec.

20, 2006). The plaintiff asserting personal jurisdiction bears the burden of proving that such

jurisdiction exists. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396

(4th Cir. 2003). If the district court holds an evidentiary hearing, the plaintiff must establish

personal jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d

56, 59- 60 (4th Cir. 1993).

If the district court addresses the question of personal jurisdiction on the basis of the

papers alone, the plaintiff bears the burden of making a prima facie showing of a sufficient

jurisdictional basis. *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 276 (4th Cir.

2009). When a district court considers a question of personal jurisdiction based on the contents

of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie

showing in support of its assertion of jurisdiction. Id. In considering whether the plaintiff has met

this burden, the district court "must construe all relevant pleading allegations in the light most

favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the

existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Carefirst,* 334 F.

3d 390, 396 (4th Cir. 2003) (stating that absent an evidentiary hearing, the district court "must

11

take all disputed facts and reasonable inferences in favor of the plaintiff" in determining whether the plaintiff has met its initial burden of proof with regard to personal jurisdiction) (citing *Combs*, 886 F.2d at 676); *O'Hare Int'l Bank v. Hampton,* 437 F.2d 1173, 1176- 77 (7th Cir. 1971) (accepting as true, for purposes of appeal, facts related in the plaintiff's affidavits and complaint when the parties' affidavits contained contradictory factual allegations with respect to personal jurisdiction); cf. *Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307-08 (4th Cir. 1986) (noting that the plaintiff "need not present evidence in making a prima facie case to oppose a motion to dismiss," and that "[m]ere allegations are sufficient" to satisfy the pleading requirements for personal jurisdiction).

If the existence of jurisdiction turns on disputed factual questions, the court may resolve the challenge on the basis of an evidentiary hearing or, if a prima facie demonstration of personal jurisdiction has been made, it can proceed "as if it has personal jurisdiction over th[e] matter, although factual determinations to the contrary may be made at trial." *Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp.*, 812 F. Supp. 2d 710, 717 (E.D. Va. 2011) (citing 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.31 (3d ed. 2011)); see also *Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp.*, 737 F. Supp. 925, 926 (W.D. Va. 1990) ("When conflicting facts are contained in the affidavits, they are to be resolved in the plaintiff's favor."). Nevertheless, either at trial or at a pretrial evidentiary hearing, the plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,* 416 F.3d 290, 294 n.5 (4th Cir. 2005).

12

**Standard For Exercising Personal Jurisdiction**

"Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002); see also *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). To determine whether personal jurisdiction is proper, the court engages in a two-part inquiry: first, North Carolina's long-arm statute must provide a statutory basis for the assertion of personal jurisdiction; and second, the exercise of personal jurisdiction must comply with due process. See *Carefirst*, 334 F.3d at 396; *Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011).

North Carolina long-arm statute, N.C.G.S. § 1-75.4, provides the basis for jurisdiction in this case. If there is competent evidence in the record to support a finding that comports with one of the provisions of N.C.G.S. § 1-75.4, jurisdiction will follow under the long-arm statute. *Dataflow Companies v. Hutto*, 114 N.C. App. 209, 212, 441 S.E.2d 580, 582 (1994).

N.C.G.S. § 1-75.4, specifically provides, in relevant part:

"A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure under any of the following circumstances:

**(1) Local Presence or Status. – In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:**

**a. Is a natural person present within this State; or b. Is a natural person domiciled within this State;** or c. Is a domestic corporation; or **d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.** …

13

**(3) Local Act or Omission. – In any action claiming injury to person or property** or for wrongful death **within or without this State arising out of an act or omission within this State by the defendant.**

(4) Local Injury; Foreign Act. – In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either: **a. Solicitation or services activities were carried on within this State by or on behalf of the defendant;** b. **Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade;** …

(6) **Local Property. – In any action which arises out of:** … **b. A claim to recover for any benefit derived by the defendant through the use, ownership, control or possession by the defendant of tangible property situated within this State either at the time of the first use, ownership, control or possession or at the time the action is commenced;** …" Id. (emphasis added)

Here, the Defendants have a local presence, the action arises within this State, and service has been made against LUIS TERAN and ADRIANA MAESTRE who are natural persons present and domiciled in the State and who are engaged in substantial activity in the State. The case involves a local act or omission, causing injury to Plaintiff in this State. Solicitation of business services have been conducted by Defendants and on their behalf in the State, including by ownership of an infringing domain name registered by Defendants in this State. (Compl. ¶¶ 17-20, 53-54, Exhs. J, M)**.** Infringing products and materials have been processed, serviced and made by Defendant that were used or consumed, within this State in the ordinary course of trade Id. The action involves local property including a physical business and an Internet domain name and resulting webpages including lamichoacanapaleteria.com and several Facebook pages which are owned and used by Defendants and operated internationally from this State.

14

Defendants are subject to personal jurisdiction here. In order for North Carolina courts to assert personal jurisdiction over a nonresident defendant, a two-part test must be satisfied. *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E.2d 629 (1977). First, there must be a statutory basis for jurisdiction. *Id.* Second, the exercise of jurisdiction must satisfy the constitutional requirements of due process. *Id*. The burden is on the plaintiff to prove the existence of jurisdiction. *De Soto Trail, Inc. v. Covington Diesel, Inc.*, 77 N.C. App. 637, 639, 335 S.E.2d 794, 796 (1985). In so doing, the plaintiff must make out a prima facie case that the acts giving rise to jurisdiction occurred. Further, the standard for the exercise of jurisdiction is not a mechanical or quantitative one, *International Shoe*, 326 U.S. 310, 90 L.Ed. 95, but rather is one of "fairness and substantial justice." *Shaffer*, 433 U.S. 186, 53 L.Ed.2d 683. The Supreme Court has said that for the purpose of asserting "specific" jurisdiction, a defendant has "fair warning" that he may be sued in a state for injuries arising from activities that he "purposefully directed" toward that state's residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 85 L.Ed.2d 528, 540-541 (1985), cited in *Tom Togs, Inc. v. Ben Elias Indus. Corp*., 318 N.C. 361, 348 S.E.2d 782 (1986). When an individual who directs his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Burger King*, 471 U.S. at 478, 85 L.Ed.2d at 544. The Movants have not done so here, and the Motion must be denied.

Even assuming *arguendo* and beyond the allegations, that Defendants lived out of State, each such test is met and personal jurisdiction over these Defendants is well-established as they have clearly purposefully availed themselves of the privilege of doing business in North

Carolina, in satisfaction of the first prong. *See, e.g., Carefirst*, 334 F.3d at 396 (stating that when the district court decides a pretrial motion challenging personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction); *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003) (stating that a plaintiff makes a prima facie showing of personal jurisdiction by presenting facts that, if true, would support jurisdiction over the defendant).

CONCLUSION

Based upon the foregoing and in light of the attached declarations and Exhibits, Movant's Dismissal Motion is plainly baseless and must be denied.

March 2, 2018                    /s/*Stephen L. Anderson*
                                 STEPHEN L ANDERSON
                                 Anderson Law
                                 31285 Temecula Parkway, Suite 240
                                 Temecula, CA 92592
                                 (951) 296-1700
                                 (951) 296-0614
                                 CBN 150860
                                 PRO HAC VICE

                                 Attorney for Plaintiff
                                 La Michoacana Natural, LLC

                                 Albert P. Allan
                                 N.C. Bar No. 18882
                                 Allan Law Firm, PLLC
                                 409 East Boulevard
                                 Charlotte, North Carolina 28203

                                 Local Counsel for Plaintiff
                                 La Michoacana Natural, LLC

16

CERTIFICATE OF SERVICE