IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LA MICHOACANA NATURAL, LLC
a North Carolina limited liability company,

        Plaintiff,

vs.

LUIS MAESTRE, an individual, d/b/a
LA MICHOACANA and/or LA LINDA
MICHOACANA; ADRIANA TERAN,
an individual, d/b/a LA MICHOACANA
and/or LA LINDA MICHOACANA; and
LA MICHOACANA, a business entity,
form unknown.

        Defendants.

Civil Action No. 3:17cv727

### Declaration of Albert P. Allan, Esq. in Support of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

I, Albert P. Allan, Esq., declare and state the following:

1. I am local counsel for Plaintiff La Michoacana Natural, LLC in the above captioned matter.

2. On December 19, 2017, I electronically filed the Complaint in this action, along with the accompanying exhibits.

1

3. On December 29, 2017, I engaged Mr. Rick Francis, a process server, to serve the summonses on the defendants.

4. On January 3, 2018, the summonses were served on an individual who identified herself as Maria Sanchez, who further indicated that she was designated to accept service on behalf of the defendants.

5. On January 23, 2018, I received an email from Benjamin Karb, Esq. of the firm Moretz, Karb & Gelwicks, P.A. Mr. Karb requested an "informal" extension of time to answer the complaint on behalf of Luis Maestre, one of the defendants. Mr. Karb further indicated that he was not entering an appearance on Mr. Maestre's behalf, but that he formally represented Mr. Maestre in another matter unrelated to the present action. A copy of that email is attached as Exhibit 1.

6. After an exchange of emails, on January 24, 2018, I emailed Mr. Karb and told him that La Michoacana Natural, LLC would consent to a twenty-one day extension of time for all defendants to respond to the complaint. I further indicated that this was not an informal extension, but a formal agreement not to move for a default judgment during that time. I further informed Mr. Karb that La Michoacana Natural would oppose any further requests for extensions of time. Finally, I indicated that with this agreement, the defendants would have until February 14, 2018 to respond to the complaint. A copy of that email is attached as Exhibit 2.

7. I heard nothing further until I received a call from Christopher Peace, Esq. of the firm Osborn Conflict Resolution, on February 6, 2018. Mr. Peace indicated that he represented Luis Roberto Maestre, who Mr. Peace claimed was not the same individual as the defendant Maestre. Mr. Peace indicated that the defendant Maestre had not been served, was out of the country for an extended period of time, and that the person he represented, Luis Roberto Maestre, was the defendant's brother. After some additional conversation, I asked Mr. Peace to talk directly to lead counsel in this matter, Mr. Anderson.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all the foregoing is true and correct.

March 2, 2018

Albert P. Allan
Local Counsel for Plaintiff
La Michoacana Natural, LLC

3