**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-727-RJC-DCK**

| | |
|---|---|
| LA MICHOACANA NATURAL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| LUIS MAESTRE, ADRIANA TERAN, and LA LINDA MICHOACANA, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Notice of Motion and Motion to Compel Defendants' Initial Disclosures and Defendants' Responses to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents and Things and for Sanctions" (Document No. 31) filed July 27, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part, and deny the motion in part.

By the instant motion, Plaintiff seeks to compel Defendants to provide: Rule 26(a) initial disclosures; responses to Plaintiff's first set of interrogatories and requests for production of documents; and reasonable costs and fees pursuant to Fed.R.Civ.P. 37. (Document No. 31). Defendants have failed to file a response, and the time to do so has lapsed. See Local Rule 7.1(e).

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

> of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Based on the foregoing, as well as Plaintiff's arguments and legal authority, the undersigned finds good cause to grant the pending motion to compel Defendants' initial disclosures and discovery responses. At this time, the undersigned will decline to award sanctions against the *pro se* Defendants; however, Plaintiff may renew its requests for costs and fees at a later date if Defendants fail to comply with this Order.

Defendants are respectfully advised that they must abide by the Federal Rules of Civil Procedure and the Local Rules of this Court. Moreover, Defendants are advised that to the extent Defendant La Michoacana is a corporate entity, it must be represented by counsel. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); see also MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 2013 WL 1243541, at **1 (4th Cir. March 28, 2013) (citing United States v.

Hagerman, 545 F.3d 579, 581–82 (7th Cir. 2008) (LLCs, like corporations, are not permitted to proceed *pro se*).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Notice of Motion and Motion to Compel Defendants' Initial Disclosures and Defendants' Responses to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents and Things and for Sanctions" (Document No. 31) is **GRANTED in part and DENIED in part**, as described herein.

**IT IS FURTHER ORDERED** that Defendants shall serve their initial disclosures and full discovery responses on Plaintiff's counsel by **August 31, 2018**.

The Clerk of Court is directed to send a copy of this Order to Defendants by certified U.S. mail, **return receipt** requested.

**SO ORDERED**.

Signed: August 17, 2018

David C. Keesler
United States Magistrate Judge