# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:17-CV-727-RJC-DCK

| | | |
|---|---|---|
| LA MICHOACANA NATURAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LUIS MAESTRE,  ADRIANA TERAN,  and | ) | |
| LA LINDA MICHOACANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Court Order" (Document No. 37).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is ripe for review. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## BACKGROUND

La Michoacana Natural, LLC ("Plaintiff") initiated this action with the filing of its "Complaint For Injunctive Relief And Damages" (Document No. 1) (the "Complaint") on December 19, 2017.  The Complaint asserts claims for:  (1) Trademark Infringement – 15 U.S.C. §1114;  (2) Unfair Competition/False Designation of Origin – 15 U.S.C. §1125(a);  (3) Federal Trademark Dilution – 15 U.S.C. 1125(c);  (4) Cybersquatting – 15 U.S.C. §1125(d);  (5) Infringement of Copyright;  (6) Statutory Trademark Infringement – N.C.Gen.Stat. §80-11;  (7) Unfair and Deceptive Trade Practices – N.C.Gen.Stat. §75-1.1;  and (8) Common Law Trademark Infringement And Unfair Competition.  (Document No. 1, pp. 16-30).

On February 16, 2018, Luis Roberto Maestre, individually, and as agent for La Michoacana and/or La Linda Michoacana, and Adriana Teran Maestre (together "Defendants") filed a "Motion To Dismiss Pursuant To Rule 12(B)(2)" (Document No. 7).  Eventually, the motion to dismiss was denied as moot, and an amended motion to dismiss was withdrawn.  <u>See</u> (Document No. 11, 13, 23).

Plaintiff filed a "Motion For Preliminary Injunction" (Document No. 22) on April 23, 2018. Soon thereafter, the Court granted Defendants' counsel's second "Motion To Withdraw." (Document No. 24).

Appearing *pro se*, Defendants filed Answers (Document Nos. 25 and 26) to the Complaint on May 1, 2018 and appeared at a hearing on the motion for preliminary injunction on June 1, 2018.  The Honorable Robert J. Conrad, Jr. granted Plaintiff's "Motion For Preliminary Injunction" (Document No. 22) on June 1, 2018.  <u>See</u> (Document No. 30).

"Plaintiff's Notice of Motion and Motion to Compel Defendants' Initial Disclosures and Defendants' Responses to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents and Things and for Sanctions" (Document No. 31) was filed on July 27, 2018.  By the "…Motion to Compel…" Plaintiff sought:  Rule 26(a) initial disclosures;  responses to Plaintiff's first set of interrogatories and requests for production of documents; and reasonable costs and fees pursuant to Fed.R.Civ.P. 37.  (Document No. 31).  Defendants failed to file any response to the "…Motion To Compel…" and the undersigned granted in part and denied in part the motion. (Document No. 33).  Specifically, the Court found good cause to grant the motion to compel as to Defendant providing initial disclosures and discovery responses, but declined to award sanctions against the *pro se* Defendants at that time.  (Document No. 33, p. 2).  Defendants were also advised that "they must abide by the Federal Rules of Civil Procedure and the Local Rules of this Court"

and that a corporate entity such as Defendant La Michoacana must be represented by counsel. Id. The undersigned ordered Defendants to "serve their initial disclosures and full discovery responses on Plaintiff's counsel by **August 31, 2018**." Id.

Now pending is "Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Court Order" (Document No. 37) filed on September 1, 2018. Plaintiff also filed two copies of the "Declaration of Stephen L. Anderson in Support of Plaintiff's Motion for Sanctions…" (Document Nos. 37-1 and 38). The "…Motion for Sanctions…" asserts that Defendants had continued to fail to serve initial disclosures as required by Rule 26 or provide responses to Plaintiff's discovery requests. (Document No. 37, p. 1). Defendants failed to file a timely response to the "…Motion for Sanctions…" by September 17, 2018; however, on September 27, 2018, Sonny T. Tran of the Tran Law Firm filed a "Notice Of Appearance" on behalf of Defendants.

Despite Mr. Tran's "Notice Of Appearance," Defendants still did not file a response to the pending motion. On October 9, 2018, the undersigned issued an "Order" (Document No. 40) *sua sponte,* allowing Defendants until October 19, 2018 to file a response and encouraging Defendants' counsel to contact Plaintiff's counsel. "Defendants' Response Opposing Plaintiff's Motion for Sanctions…" (Document No. 41) was filed on October 19, 2018. The "…Response…" asserted that Defendants had "substantially responded" to Plaintiff's discovery requests by serving supplemental responses on September 18, 2018 and October 2, 2018, and by serving initial disclosures on October 19, 2018. (Document No. 41).

On October 26, 2018, Plaintiff filed a "Supplemental Declaration of Stephen L. Anderson in Support of Plaintiff's Motion for Sanctions for Failure to Comply with Court Discovery and Disclosure Orders" (Document No. 43).[1]

---

[1] A "reply brief" in support of Plaintiff's motion would have been more appropriate. See Local Rule 7.1(e).

The pending motion is now ripe for disposition.

## DISCUSSION

As noted above, the Court has been lenient with *pro se* Defendants' dilatory conduct to date. The Court was encouraged when Defendants finally secured new counsel, but Defendants' subsequent response to the pending motion shed little light on Defendants' failure to participate in this lawsuit in accordance with both the Local Rules and the Federal Rules of Civil Procedure. Moreover, "Defendants' Response…" does not: describe if or when Defendants provided any other responses; address the demand for sanctions; discuss Plaintiff's cited legal authority, explain the delayed responses to discovery and to the Court's Orders; or indicate that counsel for the parties have conferred. (Document No. 41).

The undersigned observes, however, that Plaintiff's "Supplemental Declaration…" reveals that the then *pro se* Defendants did serve some initial discovery responses on Plaintiff's counsel by September 4, 2018. (Document No. 43, pp. 2, 18). As such, that production was provided within (1) one business day of the August 31, 2018 deadline set by the Court.[2] Id. See also (Document No. 33). Although Defendants' responses were a day late, and arguably deficient, this production is relevant to the undersigned's consideration of the instant motion. Unfortunately, "Defendants' Response…" does not seem to note this production. (Document No. 41). "Defendant's Response…" does show the Court that Defendants were still appearing *pro se* when they provided supplemental discovery responses on or about September 18, 2018.

Plaintiff's motion provides a helpful summary of caselaw on the issue of sanctions:

> Following a failure to comply with a Court Order as here, the
> Fourth Circuit has "developed a four-part test for a district court to
> use when determining what sanctions to impose under Federal Rule

---

[2] The pending motion was filed on Saturday September 1, 2018 and Monday September 3, 2018 was the Labor Day holiday.

of Civil Procedure 37." *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

"Specifically, the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Id. (quotations omitted). Imposition of sanctions is in the discretion of the district court. Id. Nevertheless, before imposing a sanction of default judgment or dismissal, the court must "warn[] . . . in no uncertain terms . . . that failure to comply with the court's order [will] result in" such sanction. *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500, 504 (4th Cir. 1998); see *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir.1995); *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc*., 872 F.2d 88, 92 (4th Cir. 1989).

(Document No. 37, p. 8).

This case presents a close call.  The undersigned notes that Defendants may have created unnecessary delays.  However, the record also suggests that acting without counsel Defendants made efforts to comply, even if those efforts were somewhat deficient.  Considering the foregoing authority identified by Plaintiff, the undersigned is not convinced that Defendants acted in bad faith, or that their delayed compliance caused significant prejudice to Plaintiff.

In addition, the undersigned now observes that there is no indication that the parties have conducted an Initial Attorney's Conference or filed a Certification of Initial Attorney's Conference.  See Local Rule 16.1(a)-(b) (citing Fed.R.Civ.P. 16(b), 26(a), and 26(f)).  Typically, "Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered…."  Local Rule 16.1(f);  see also Local Rule 26.1.

Based on all the circumstances of this case, the undersigned will decline to award sanctions. Instead, the Court will order the parties to hold an Initial Attorney's Conference and then file a Certification of Initial Attorney's Conference, including a proposed discovery plan.  See Local

Rule 16.1.  Counsel are respectfully directed to confer in good faith regarding, *inter alia*, the appropriate content and timing of discovery production.  See Fed.R.Civ.P. 26(b)(1).

Counsel are advised that sanctions will likely result if either party fails to comply with further orders of this Court, the Local Rules, or the Federal Rules of Civil Procedure.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Court Order" (Document No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certification of Initial Attorney's Conference shall be filed on or before **January 18, 2019**.

**SO ORDERED**.

Signed: December 17, 2018

David C. Keesler
United States Magistrate Judge