# Exhibit 4

| | |
|---|---|
| **From:** | Laura Chapman |
| **To:** | "Stephen Anderson" |
| **Cc:** | Mary Tom-Hum; canderson@bradley.com |
| **Subject:** | RE: USPTO Proceeding Nos. 91245908 and 91205049 |
| **Date:** | Tuesday, August 6, 2019 11:40:18 AM |
| **Attachments:** | 2019-08-01 Letter to Stephen Anderson 4851-7746-4222 v.2.pdf |
| | Re USPTO Proceeding Nos. 91245908 and 91205049.msg.msg |
| **Importance:** | High |

Pursuant to your demand in your emails below and attached, please see attached letter.

**Laura L. Chapman** | Partner
Practice Group Leader, Intellectual Property
+1 415-774-3215 | direct
x 13215 | internal
LChapman@sheppardmullin.com | Bio

# SheppardMullin

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Stephen Anderson
**Sent:** Wednesday, July 31, 2019 4:39 PM
**To:** Laura Chapman
**Cc:** Mary Tom-Hum ; canderson@bradley.com
**Subject:** RE: USPTO Proceeding Nos. 91245908 and 91205049

So that we may efficiently and intelligently discuss any issues you may have, please advise us of any purported grounds and authority you intend to raise related to any alleged Motion to Quash. Sincerely,

Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION®

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.



®
VISIT OUR VIRTUAL VILLAGE:
http://www.brandxperts.com/ TRADEMARKS

<http://www.copyrightpros.com/> COPYRIGHTS
<http://www.namesavers.net/> DOMAIN NAMES
<http://www.mybrandsonline.com/> REGISTER NOW!
<http://www.weprotectimagination.com/> IP SOLUTIONS

On July 31, 2019 at 4:16 PM Laura Chapman <LChapman@sheppardmullin.com> wrote:

Counsel:

When are you available to meet and confer on a motion to quash the subpoena?

Laura Chapman

415 217 9899

---

**From:** Stephen Anderson <attorneys@brandxperts.com>
**Sent:** Wednesday, July 17, 2019 7:39 PM
**To:** Laura Chapman <LChapman@sheppardmullin.com>; Toni Qiu <TQiu@sheppardmullin.com>; Mary Tom-Hum <MTom-Hum@sheppardmullin.com>; SFTMdocket <sftmdocket@sheppardmullin.com>
**Subject:** RE: USPTO Proceeding Nos. 91245908 and 91205049

Please find attached PROLACTO's Notices of Supplemental Authority filed in the aforementioned matters and the Exhibits A and B thereto.

Sincerely yours,

Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION®

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.



®
VISIT OUR VIRTUAL VILLAGE:
<http://www.brandxperts.com/> TRADEMARKS
<http://www.copyrightpros.com/> COPYRIGHTS

http://www.namesavers.net/ DOMAIN NAMES
http://www.mybrandsonline.com/ REGISTER NOW!
http://www.weprotectimagination.com/ IP SOLUTIONS

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

Laura L. Chapman
415.774.3215 direct
lchapman@sheppardmullin.com

August 6, 2019

File Number: 0100-922896

*Via E-Mail: attorneys@brandxperts.com*

Stephen L. Anderson, Esq.
Anderson Law
41923 2nd Street #201
Temecula, CA 92590

Re: Subpoena Directed to PLM Operations, LLC in
LA MICHOACANA NATURAL, LLC v. LUIS MAESTRE et al.,
U.S. District Court for the Western District of North Carolina,
3:17-cv-00727-RJC-DCK.
Motion to Quash Non-Party Subpoena

Dear Mr. Anderson:

We are in receipt of your letter dated July 26, 2019.

Your letter states that:

"there is probable cause to believe that PLM is now violating the North Carolina District Court's Injunctive Orders and, inasmuch as: i) PLM has been (repeatedly) served with actual notice of the Injunction; ii) that PLM is now acting in concert and participation with the Defendants in the North Carolina action to violate the Court Order by displaying, marketing, advertising and selling ice cream and fruit ice confections in connection with my clients' trademarks; and iii) that such infringing actions are intended to and are causing my clients' continuing harm."

As an initial matter, please be advised that my client, PLM Operations, LLC is not acting in concert with anyone to violate anything. We have investigated your allegations and learned that freezer bunkers displaying PLM's trademark were placed in two separate store locations owned or operated by Luis Maestre. Those bunkers have been removed and will not be replaced, and PLM's products have been removed from those locations and will not be sold, unless and until the injunction is dissolved and/or determined not to apply to the sale of PLM products. PLM did not know that these bunkers were being placed at the time they were installed and/or that PLM's product was being sold to two stores owned or operated by Luis Maestre.

The injunction should be dissolved, given that your client does not have exclusive rights to LA MICHOACANA, as you are well aware from having litigated this issue in federal court in the District of Columbia. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 69 F. Supp. 3d 175, 222-26 (D.D.C. 2014); *Paleteria La Michoacana, Inc. v. Productos*

*Lacteos Tocumbo S.A. De C.V.*, 188 F. Supp. 3d 22, 31 (D.D.C. 2016), aff'd, 743 F. App'x 457 (D.C. Cir. 2018). To the extent you did not inform the Western District of North Carolina of this prior litigation, the injunction should be dissolved, and possibly other measures taken.

I emailed you on July 31, 2019 asking for a telephonic meet and confer on a motion to quash the subpoena directed to PLM. You demanded that I send you the grounds for such motion in writing.

Federal Rule of Civil Procedure 26 limits discovery to information relevant to parties' claims and defenses. You have made no showing whatsoever that your client needs information from PLM to prosecute its claims against Luis Maestre, as it appears your client has prevailed in LA MICHOACANA NATURAL, LLC v. LUIS MAESTRE d/b/a LA MICHOACANA and/or LA LINDA MICHOACANA et al., U.S. District Court for the Western District of North Carolina, 3:17-cv-00727-RJC-DCK. Information from PLM is not relevant to any claim or defense in that action, particularly now that you know PLM had no direct involvement in or knowledge of the placement of the bunkers and the sale of PLM's product to Mr. Maestre's stores.

In addition, Federal Rule of Civil Procedure 45 requires that you "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The broad scope of the subpoena directed to PLM far exceeds anything related to the case you brought against Mr. Maestre and is unduly burdensome for PLM and call for proprietary and confidential trade secrets. *See*, e.g., *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *8 (E.D.N.C. Nov. 30, 2017) (granting motion to quash subpoena duces tecum, finding the requests for production "overbroad because they do not limit the documents to the subject matter relevant to the claims at issue in this case" and such subpoena is "a fishing expedition."); *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 500 (S.D. Cal. 2014) (quashing employer's subpoena to non-party competitor for its business plans and forecasts because such information is not relevant to employer's claim that former employees breached non-compete, non-disclosure, and non-solicitation provisions of the employment agreements and misappropriated trade secrets). The extraordinary breadth of the subpoena directed toward PLM and the undue burden and expense it would impose on PLM are particularly inappropriate given that PLM is not a party to the litigation.

In sum, your client has no basis for asserting any subpoena against PLM in this case, much less a subpoena as unjustifiably far-ranging and intrusive as this one. Therefore, please confirm in writing that the subpoena is being withdrawn.

      If your client is unwilling to withdraw the subpoena, please let me know when we can meet and confer this week on a motion to quash. My co-counsel, Corby Anderson, and I are available this afternoon starting at noon Pacific/ 3:00 pm Eastern until 3:00 Pacific / 6:00 p.m. Eastern, and tomorrow between noon Pacific/ 3:00 p.m. Eastern and 3:30 p.m. pacific/ 6:30 pm Eastern.

      Please be prepared to address the issues above and explain what harm your client claims to be suffering as a result of my client's alleged actions.

Sincerely,

*Laura Chapman*

Laura L. Chapman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4851-7746-4222.2

cc: Corby Anderson, Esq.