**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-727-RJC-DCK**

| | |
|---|---|
| LA MICHOACANA NATURAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| LUIS MAESTRE, ADRIANA TERAN, and | ) |
| LA LINDA MICHOACANA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Quash Subpoena Served On Non-Party PLM Operations, LLC" (Document No. 87) filed August 14, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

By the instant motion, non-party PLM Operations, LLC ("PLM" or "Movant") seeks to quash a subpoena it received from Plaintiff La Michoacana Natural, LLC ("Plaintiff") on or about July 26, 2019. (Document No. 87, p. 1). PLM notes, *inter alia*, that: (1) it has never been a party to this case; (2) the latest discovery deadline passed on August 1, 2019; and (3) the Court has already granted summary judgment for Plaintiffs, allowed injunctive relief, and awarded damages. (Document No. 87, pp. 1-2) (citations omitted).

In addition, PLM argues the underlying subpoena should be quashed for the following reasons:

> a. The subpoena is not relevant to any claims or defenses in the action, is disproportionate to the needs of the case, is overly broad, is unduly burdensome, and constitutes a fishing expedition. The case is

essentially over except for the two limited motions that remain unresolved. The subpoena seeks information that goes far beyond the limited issues still before this Court.

b. The subpoena seeks confidential, proprietary, and trade secret information like PLM's financial accounts, customer lists, and business interests in the State of North Carolina. Plaintiff has no need for this information, and PLM would be harmed if it were required to disclose it to Plaintiff.

c. Plaintiffs have made no attempt to obtain the requested information from a party to the case prior to serving the subpoena on non-party PLM.

d. Plaintiff did not serve the subpoena in time for documents to be produced by the August 1, 2019 discovery completion deadline.

e. Plaintiff did not participate in good faith with the local rules' meet-and-confer requirement.

f. Plaintiff failed to comply with LCvR 45.2, in that Plaintiff did not give notice of the subpoena to Defendants at least three calendar days before issuing it to PLM.

(Document No. 87, pp. 2-3). See also (Document No. 88).

The undersigned finds PLM's arguments to be compelling. Moreover, the response to this motion was due by August 28, 2019, and to date no response, or request to extend time to respond, has been filed with the Court. See Local Rule 7.1(e). Based on PLM's motion and brief in support, and particularly noting Plaintiff's counsel's failure to apparently meet-and-confer in good faith, the undersigned will allow the requested relief.

**IT IS, THEREFORE, ORDERED** that the "Motion To Quash Subpoena Served On Non-Party PLM Operations, LLC" (Document No. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall reimburse PLM for its reasonable costs and attorney's fees in preparing and filing the pending motion and its supporting documents. The parties are respectfully encouraged to resolve this issue without further intervention; however, if

they are unable to do so, PLM may file a separate motion including appropriate support for the reasonable costs and fees it seeks, on or before **October 4, 2019**.

**SO ORDERED**.

Signed: September 4, 2019

David C. Keesler
United States Magistrate Judge