UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00727-RJC-DCK

| LA MICHOACANA NATURAL, LLC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LUIS MAESTRE, d/b/a La Michoacana | ) | |
| and/or La Linda Michoacana, ADRIANA | ) | |
| TERAN, d/b/a La Michoacana and/or La | ) | |
| Linda Michoacana, and LA MICHOACANA, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' omnibus motion,[1] (Doc. No. 106), Plaintiff's motion for attorney's fees, (Doc. No. 79), and Plaintiff's motion for order to show cause, (Doc. No. 81).

I.  OVERVIEW

This is a trademark infringement case between Plaintiff La Michoacana Natural, LLC and Defendants Luis Maestre, Adriana Teran, and La Michoacana. Maestre's and Teran's primary language is Spanish, and at critical junctures in this litigation they proceeded pro se. In June 2018, Plaintiff served its first requests for admission on Maestre. In March 2019, Plaintiff moved for summary judgment on its claims for relief. The motion was grounded entirely on its first RFAs to Maestre.

---

[1] In addition to the relief addressed in this Order, Defendants' omnibus motion also sought to revoke the pro hac vice admission of Stephen L. Anderson, counsel for Plaintiff. The Court issued an order on March 6, 2020 revoking Anderson's pro hac vice admission. (Doc. No. 130.) This Order addresses the remainder of Defendants' omnibus motion.

Stephen L. Anderson, Plaintiff's former lead counsel, misled the Court to believe that Maestre never responded to Plaintiff's RFAs. As a result, the Court—based solely on the false notion that Maestre never responded to Plaintiff's RFAs—deemed the RFAs admitted, struck Defendants' amended answer and counterclaim, and entered summary judgment in favor of Plaintiff. Thereafter, Defendants retained new counsel and filed the instant omnibus motion seeking (1) relief from the summary judgment order, (2) relief from the oral order striking Defendants' amended answer and counterclaim, (3) to dissolve the preliminary injunction, (4) summary judgment in favor of Defendants, (5) to revoke Anderson's pro hac vice admission, and (6) sanctions in the form of attorney's fees and costs. (Doc. No. 106.)

For the reasons set forth below, the Court vacates the summary judgment order and oral order striking Defendants' amended answer and counterclaim, dissolves the preliminary injunction, denies without prejudice summary judgment in favor of Defendants, and declines to impose additional sanctions in the form of attorney's fees and costs. As Plaintiff's motion for attorney's fees and motion for order to show cause are grounded on the summary judgment order that is now vacated, the Court denies Plaintiff's motions as moot.

## II. BACKGROUND

Plaintiff filed its Complaint on December 19, 2017. (Doc. No. 1.) Defendants filed their original answers to the Complaint on May 1, 2018. (Doc. Nos. 25 to 26.) With leave of court, Defendants filed an amended answer and counterclaim on January 3, 2019. (Doc. No. 48.)

On April 23, 2018, Plaintiff moved for a preliminary injunction. (Doc. No. 22.) Defendants were proceeding pro se at the time and did not file a response to Plaintiff's motion. The Court held a hearing on Plaintiff's preliminary injunction motion on June 1, 2018 and entered an order granting the motion that same day. (Doc. No. 30.)

On June 15, 2018, Anderson served Plaintiff's first RFAs on Maestre by mail. (Doc. No. 64-9, at 1–13.) Maestre's responses to the RFAs were due on July 18, 2018. Maestre was still proceeding pro se at the time; however, an attorney named Andrea Johnson assisted Maestre in responding to the RFAs. (Doc. No. 113, ¶ 2.) On July 23, 2018, five days after the deadline, Johnson faxed Maestre's RFA responses to Anderson. (Doc. No. 113, ¶¶ 2–3; Doc. No. 116, ¶¶ 32–34; Doc. No. 122-5.) Anderson received the fax that same day. (Doc. No. 31-1, ¶ 10; Doc. No. 113, ¶¶ 2–3; Doc. No. 122-5.)

On March 13, 2019, Anderson filed a motion for summary judgment grounded entirely on Maestre's purported failure to serve any responses to Plaintiff's RFAs. (Doc. No. 64.) Anderson filed a supporting declaration that misleadingly states "Plaintiff has never received any timely responses to the RFAs." (Doc. No. 64-3, ¶ 7.) This misleading statement is reiterated in Plaintiff's brief in support of its summary judgment motion. (Doc. No. 64, at 2–3.) Although Defendants retained counsel in September 2018 who remained counsel of record at the time of Plaintiff's summary judgment motion, Defendants' counsel filed motions to withdraw on February 15, 2019, February 20, 2019, and February 26, 2019, and Defendants did not file a response to Plaintiff's summary judgment motion. (Doc. Nos. 53, 56, & 59.)

The Court held a hearing on Plaintiff's motion for summary judgment on May 31, 2019. During the hearing, Anderson falsely stated to the Court that he never received responses to Plaintiff's first RFAs. (Doc. No. 109-3, at 11:4–5.) The Court then asked counsel for Defendants where there was an indication on the docket that the RFAs had been responded to "in any way." (Doc. No. 109-3, at 12:3–5.) Defendants' counsel suggested that there was some sort of response to the RFAs before he got involved but was unable to provide any additional information or definitively state that Defendants responded to the RFAs. (Doc. No. 109-3, at 12:3–13.) The Court then turned to Anderson and asked: "Mr. Anderson, have you received any responses to your [RFAs]?" (Doc. No. 109-3, at 12:14–15.) Anderson replied: "Not that I'm aware of, Your Honor. I don't have any in my file." (Doc. No. 109-3, at 12:16–17.) The Court granted Defendants' counsel's third motion to withdraw and, based on Defendants' purported failure to respond to Plaintiff's first RFAs—as represented by Anderson—the Court struck Defendants' amended answer and counterclaim and deemed Plaintiff's RFAs as admitted. The Court issued an order on Plaintiff's summary judgment motion on June 6, 2019. The order states that "Defendants still have not responded to Plaintiff's [RFAs]" and grants summary judgment in favor of Plaintiff based solely on the "unanswered" RFAs that the Court had deemed admitted. (Doc. No. 78, at 1–3.)

In November 2019, Defendants retained new counsel and filed the instant omnibus motion seeking relief from the summary judgment order and oral order striking Defendants' amended answer and counterclaim, to dissolve the preliminary

injunction, summary judgment in Defendants' favor, to revoke Anderson's pro hac vice admission, and sanctions in the form of attorney's fees and costs. (Doc. No. 106.) Plaintiff filed a response and evidentiary materials in opposition to the motion. (Doc. Nos. 122 to 122-7 & 123.) The Court held a hearing on Defendants' omnibus motion on March 3, 2020. On March 6, 2020, the Court entered an order revoking Anderson's pro hac vice admission. (Doc. No. 130.) This order resolves the remainder of Defendants' omnibus motion.

## III. RELIEF UNDER RULE 60(b)

Pursuant to Rule 60(b),[2] Defendants seek relief from the Court's summary judgment order and oral order striking Defendants' amended answer and counterclaim. Rule 60(b) "authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (quotation marks omitted). "To

---

[2] Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

5

obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018).

"After a party has crossed this initial threshold, [it] must then satisfy one of the six specific sections of Rule 60(b)." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (alteration in original). Three of these grounds for relief are relevant here: Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), Rule 60(b)(3) (fraud, misrepresentation, or misconduct), and Rule 60(b)(6) (any other reason justifying relief). At the same time, a court need not pigeon-hole itself to a specific ground as

> these grounds for relief often overlap, and it is difficult if not inappropriate in many cases to specify or restrict the claim for relief to a particular itemized ground. This overlapping and the broad phrasing of the rule free courts to do justice in cases in which the circumstances generally measure up to one or more itemized grounds.

Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (citation omitted). "Disposition of Rule 60(b) motions is within the discretion of the district court and such rulings will not be overturned absent an abuse of discretion." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991).

### A. Threshold Requirements

Defendants have satisfied the threshold requirements of timeliness, a meritorious defense, and lack of unfair prejudice.

6

1. Timeliness

Rule 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The oral order striking Defendants' amended answer and counterclaim was entered on May 31, 2019, and the summary judgment order was entered on June 6, 2019. Defendants filed the instant motion less than six months later. This is a reasonable time and, to the extent the motion is made under Rule 60(b)(1) and (3), satisfies the one-year time limit applicable to such relief.

2. Meritorious Defense

The requirement that the movant have a meritorious defense ensures that granting relief "will not in the end have been a futile gesture." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). "A meritorious defense requires a proffer of evidence which would permit a finding for the [movant] or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). "Thus, the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." H&W Fresh Seafoods, Inc. v. Schulman, 200 F.R.D. 248, 253 (D. Md. 2000).

In its Complaint, Plaintiff alleges that it has senior rights in the following marks used in connection with its sales of Mexican-style popsicles known as "paletas":

"La Michoacana," , , , and  (collectively, the "La Michoacana Marks"). (Doc. No. 1, ¶ 1.) The last mark is referred to as the "Indian girl mark." Plaintiff alleges that Defendants have infringed on Plaintiff's La Michoacana Marks through their use of "La Linda Michoacana" and the Indian girl mark. Plaintiff brings the following claims grounded on Defendants' alleged infringement: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (3) trademark dilution under 15 U.S.C. § 1125(c); (4) cybersquatting under 15 U.S.C. § 1125(d); (5) copyright infringement; (6) trademark infringement under N.C. Gen. Stat. § 80-11; (7) unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1; and (8) common law trademark infringement and unfair competition.

All of Plaintiff's claims, save and except for its copyright infringement claim, require it to prove that it owns a valid mark.[3] "One of the bedrock principles of trademark law is that trademark or service mark ownership is not acquired by federal or state registration. Rather, ownership rights flow only from prior appropriation and actual use in the market." Allard Enters. v. Advanced Programming Res., Inc., 146 F.3d 350, 356 (6th Cir. 1998) (quotation marks omitted). Thus, the first to appropriate and use a particular mark in a given market (the "senior" user) generally

---

[3] Although a copyright infringement claim does not require proof of ownership of a valid mark, Plaintiff did not move for summary judgment on the copyright claim, and Anderson stated during the summary judgment hearing that Plaintiff was withdrawing that claim.

8

has priority to use the mark in that market to the exclusion of any subsequent or "junior" users. Emergency One, Inc. v. Am. Fire Eagle Engine Co., 332 F.3d 264, 268 (4th Cir. 2003).

Here, Plaintiff alleges in its Complaint that it first used the La Michoacana Marks in North Carolina on August 1, 2014. (Doc. No. 1, ¶ 2.) Defendants, however, have submitted substantial evidence that they have continuously used the La Linda Michoacana mark since June 2008 and have continuously used the Indian girl mark since February or March 2013. In his declaration, Maestre states that in June 2008, Maestre and his wife, Defendant Teran, first obtained a vendor table at the Sweet Union Flea Market in Monroe, North Carolina selling homemade paletas. (Doc. No. 116, ¶¶ 2–3.) They used "La Linda Michoacana" and "La Michoacana" in connection with these sales. (Doc. No. 116, ¶ 3.) "La Linda Michoacana" translates to "The Pretty Lady from Michoacán," a state in Mexico known for its paletas. (Doc. No. 116, ¶¶ 5–6.) Maestre chose "La Linda Michoacana" as a tribute to his wife, who was born in Mexico and had previously worked at a paleta store in Guadalajara, Mexico. (Doc. No. 116, ¶¶ 4, 6.) Maestre and Teran have continually operated their table at the Sweet Union Flea Market under the names "La Linda Michoacana" and "La Michoacana" since 2008. (Doc. No. 116, ¶ 14.)

In February or March 2013, Maestre and Teran began displaying a large banner with "La Linda Michoacana" and the Indian girl mark at their table at the flea market. (Doc. No. 116, ¶¶ 8–9; Doc. No. 116-1.) Maestre and Teran continually used the banner at the flea market until February 2018. (Doc. No. 116, ¶¶ 8–9.)

9

In December 2015, Maestre and Teran opened a restaurant, "La Linda Michoacana," at 280 Concord Parkway South, Suite 112 at the Village in Concord, North Carolina where they continued to sell paletas. (Doc. No. 116, ¶ 13.) They displayed "La Linda Michoacana" and the Indian girl mark on the storefront exterior from December 2015 to February 2018. (Doc. No. 116, ¶¶ 13–18; Doc. No. 116-4.) Maestre and Teran also used "La Linda Michoacana" and the Indian girl mark on the large directory sign at the Village business park from December 2015 to February 2018. (Doc. No. 116, ¶ 16; Doc. No. 116-4.)

Defendants' continuous use of "La Linda Michoacana" and the Indian girl mark since 2008 and 2013, respectively, is also supported by: (1) the Declaration of Patricia Arguelles, the Assistant Manager at the Sweet Union Flea Market, which states that Defendants have operated at the flea market under the name "La Linda Michoacana" since November 2008, (Doc. No. 108, ¶ 5); (2) the Declaration of Alma Garcia, another flea market vendor, which states that the banner with "La Linda Michoacana" and the Indian girl mark was displayed at Defendants' table "all the time" starting in 2013 and that prior to 2013, Defendants' business was already widely known to customers as "La Linda Michoacana," (Doc. No. 110, ¶¶ 3–6); (3) the Declaration of Cesar Torres, a flea market customer, which states that he saw the banner with "La Linda Michoacana" and the Indian girl mark at Defendants' table "all the time" starting in 2013, (Doc. No. 118, ¶ 4); and (4) the Declaration of Javier Lopez, who created a duplicate banner with "La Linda Michoacana" and the Indian girl mark for Defendants in 2014, (Doc. No. 114). Notably, Plaintiff does not address this evidence

or Defendants' argument that they have priority of use.

In short, Plaintiff's claims require it to prove ownership of a valid mark, which is determined by first use of the mark in a given market. Plaintiff alleges it first used the La Michoacana Marks in North Carolina on August 1, 2014. The above evidence that Defendants first used the La Linda Michoacana and Indian girl marks in North Carolina in 2008 and 2013, respectively—before Plaintiff's alleged first use on August 1, 2014—thus shows the meritorious defense that Defendants have priority to use the La Linda Michoacana and Indian girl marks in North Carolina. Therefore, Defendants have proffered sufficient evidence from which a court could find in their favor.

### 3. Lack of Unfair Prejudice

Plaintiff does not argue that it would be unfairly prejudiced if the Court were to vacate the summary judgment order or the oral order striking Defendants' amended answer and counterclaim—nor could it. Anderson misled the Court to believe that Maestre never responded to Plaintiff's RFAs. Based solely on Maestre's purported failure to respond to the RFAs, the Court deemed the RFAs admitted, struck Defendants' amended answer and counterclaim, and granted summary judgment in favor of Plaintiff. Plaintiff cannot be unfairly prejudiced by the Court vacating orders grounded upon an erroneous fact that its counsel misled the Court to believe.

Having established Rule 60(b)'s threshold requirements, the Court turns to the specific grounds for relief.

11

### B. Specific Grounds for Relief

Relief from the Court's orders is warranted under Rule 60(b)(1), (3), and (6). Rule 60(b)(1) allows a district court to vacate a judgment for mistake, which can include mistakes by the Court. United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982). Rule 60(b)(3) allows a district court to vacate a judgment for fraud, misrepresentation, or misconduct by an opposing party. "The party seeking 60(b)(3) relief must prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." Raynor v. G4S Secure Sols., USA Inc., 327 F. Supp. 3d 925, 944 (W.D.N.C. 2018) (quotation marks omitted). Rule 60(b)(6) allows a district court to vacate a judgment for any other reason that justifies relief and "provides the court with a grand reservoir of equitable power to do justice in a particular case." Reid v. Angelone, 369 F.3d 363, 374 (4th Cir. 2004). Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances—those "that create a substantial danger that the underlying judgment was unjust." Murchison v. Astrue, 466 F. App'x 225, 229 (4th Cir. 2012).

The evidence is indisputable that Maestre faxed his responses to Plaintiff's RFAs to Anderson on July 23, 2018—a mere five days late—and Anderson received them that same day. In a declaration dated July 27, 2018, Anderson admits that he received Maestre's RFA responses on July 23, 2018. (Doc. No. 31-1, ¶ 10.) Notwithstanding this fact, Anderson thereafter misled the Court to believe that Maestre never responded to the RFAs. Anderson filed a motion for sanctions on

February 22, 2019 grounded in part on "Defendants' repeated and continued failure to serve any complete or adequate responses to" Plaintiff's first RFAs. (Doc. No. 58.) Anderson also filed a supporting declaration falsely stating "as of the present date, Defendants have failed to provide any responses to" Plaintiff's RFAs. (Doc. No. 58-1, ¶ 5.) Less than three weeks later on March 13, 2019, Anderson filed a motion for summary judgment based solely on Maestre's alleged failure to serve any responses to the RFAs. (Doc. No. 64.) Anderson's supporting declaration and brief misleadingly state that "Plaintiff has never received any timely responses to the RFAs." (Doc. No. 64-3, ¶ 7; Doc. No. 64, at 2–3.) Anderson's misrepresentations continued during the May 31, 2019 summary judgment hearing at which he falsely stated to the Court that he never received responses to the first RFAs. (Doc. No. 109-3, at 11:4–5.) When the Court directly asked Anderson if he had received "any responses" to the RFAs, Anderson again falsely stated that he had not. (Doc. No. 109-3, at 12:14–17.) Based on Maestre's purported failure to respond to the RFAs—as misrepresented by Anderson—the Court struck Defendants' amended answer and counterclaim, deemed the RFAs admitted, and entered summary judgment in favor of Plaintiff.

Anderson's misrepresentations justify relief from the Court's oral order and summary judgment order under Rule 60(b)(1), (3), and (6). The orders are grounded entirely on the false fact that Maestre never responded to the RFAs, thus justifying relief under Rule 60(b)(1). And the evidence is clear and convincing that Anderson misrepresented this false fact to the Court, thereby preventing Defendants from fully and fairly presenting their meritorious use defense. Accordingly, relief is proper

13

under Rule 60(b)(3). Relief is also proper under Rule 60(b)(6) as "this case cries out for the exercise of that equitable power to do justice." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993) (quotation marks omitted). Anderson's misrepresentations did more than "create a substantial danger that the underlying judgment was unjust"—Anderson's misrepresentations in fact render the resulting judgment unjust. Murchison, 466 F. App'x at 229.

Therefore, the Court grants relief from and vacates the summary judgment order and oral order striking Defendants' amended answer and counterclaim. Plaintiff is ordered to immediately transfer the following domain names back to Defendants:

> www.lamichoacanapaleteria.com
>
> www.lamichoacanapaleteria.com.mx
>
> www.lamichoacanapaleteria.mx
>
> www.lalindamichoacana.com
>
> www.lamichoacanapaleteria_.com

Any and all registrars and registries for such domain names with notice of this Order shall promptly, within not more than **twenty-four (24) hours**, disable the domain names, through a registry hold or otherwise, and prevent its transfer to anyone other than Defendants.

As Plaintiff's motion for attorney's fees and motion for order to show cause are dependent on the now vacated summary judgment order, the Court denies Plaintiff's motions as moot.

## IV. DISSOLUTION OF THE PRELIMINARY INJUNCTION

Defendants seek dissolution of the preliminary injunction issued on June 1, 2018. "The Court has continuing plenary power to modify or dissolve a preliminary injunction applying general equitable principles." Centennial Broad., LLC v. Burns, 433 F. Supp. 2d 730, 733 (W.D. Va. 2006). In addition, "[e]ven though a preliminary injunction is not a 'final order,' courts have applied Rule 60(b)(5) to dissolve or modify preliminary injunctions." Stone v. Trump, 400 F. Supp. 3d 317, 332 (D. Md. 2019). Rule 60(b)(5) allows a district court to grant relief from an order when "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "A party seeking dissolution of a preliminary injunction as no longer equitable bears the burden of establishing that a significant change in circumstances warrants dissolution of the preliminary injunction." Stone, 400 F. Supp. 3d at 332 (quotation marks omitted).

Here, Defendants submitted substantial evidence to support their prior use defense. This evidence severely undermines Plaintiff's likelihood of success on the merits, a requirement for issuance of a preliminary injunction. Further, the Court's additional findings in the preliminary injunction order that Plaintiff was likely to suffer irreparable harm, the balance of equities weighed in favor of Plaintiff, and a preliminary injunction would serve the public interest all stem from the finding that Plaintiff was likely to succeed on the merits of its claims. Because Plaintiff is not likely to succeed on the merits of its claims, continued application of the preliminary injunction is no longer equitable. Therefore, the Court dissolves the preliminary injunction.

## V. SUMMARY JUDGMENT

Defendants seek summary judgment in their favor on each claim that was adjudicated in favor of Plaintiff in the summary judgment order. Although Defendants submitted substantial evidence to support their prior use defense, Defendants' motion for summary judgment is untimely, and before a court may enter summary judgment in favor of a nonmovant under Rule 56(f), the court must give notice and a reasonable time to respond. To promote a final resolution of this case on the merits, the Court denies without prejudice Defendants' motion for summary judgment. The Court will hold a status conference with the parties to establish modified case deadlines.

## VI. SANCTIONS

Pursuant to Rule 56(h), 28 U.S.C. § 1927, and the Court's inherent authority, Defendants move for monetary sanctions against Plaintiff and Anderson, jointly and severally, consisting of Defendants' attorney's fees and costs incurred in pursuing this motion.

If a party submits an affidavit or declaration in support of or in opposition to summary judgment in bad faith or solely for purposes of delay, Rule 56(h) allows a court to order the submitting party to pay the other party's reasonable attorney's fees and expenses incurred as a result. Fed. R. Civ. P. 56(h); Satterfield v. City of Chesapeake, No. 2:16-cv-665, 2019 U.S. Dist. LEXIS 185353, at *18 (E.D. Va. Jan. 16, 2019). Under 28 U.S.C. § 1927, a court may assess attorney's fees against an attorney "who so multiplies the proceedings in any case unreasonably and

16

vexatiously." 28 U.S.C. § 1927. Section 1927 "requires the court to show a causal link between wrongful conduct and an unreasonable and vexatious multiplication of proceedings, then to connect the costs wrongfully incurred as a result of the sanctioned attorney's conduct to the amount awarded to the moving party." Six v. Generations Fed. Credit Union, 891 F.3d 508, 520 (4th Cir. 2018). And in addition to the sanction authority conferred by the federal rules and statute, a federal court has the inherent authority to discipline attorneys who appear before it for a full range of litigation abuses. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Cargill, Inc. v. WDS, Inc., No. 3:16-cv-00848, 2018 U.S. Dist. LEXIS 126099, at *30–31 (W.D.N.C. July 27, 2018). Whether to award sanctions under Rule 56(h), 28 U.S.C. § 1927, or a court's inherent authority is within the district court's sound discretion. Six, 891 F.3d at 518–19; Hunt v. Branch Banking & Tr. Co., 480 F. App'x 730, 732 (4th Cir. 2012).

Here, in addition to monetary sanctions, Defendants requested that the Court revoke Anderson's pro hac vice admission. The Court granted Defendants' request and revoked Anderson's pro hac vice admission by order dated March 6, 2020. Revocation of an attorney's pro hac vice admission is a harsh sanction. A1 Procurement, LLC v. Thermcor, Inc., No. 2:15-cv-15, 2015 U.S. Dist. LEXIS 174898, at *12 (E.D. Va. Nov. 18, 2015). As the Court has already imposed the harsh sanction of revoking Anderson's pro hac vice admission, the Court, in its discretion, declines to impose additional sanctions on Anderson. Although Defendants request that sanctions be imposed against Plaintiff and Anderson jointly and severally, there is no evidence that Plaintiff was aware of or complicit in Anderson's misrepresentations

17

regarding the RFAs, and Plaintiff should not be sanctioned for its counsel's misconduct. Dillon v. BMO Harris Bank, N.A., No. 1:13-cv-897, 2016 U.S. Dist. LEXIS 135219, at *85–86, *89 (M.D.N.C. Sept. 30, 2016) (declining to sanction the litigant for his counsel's bad faith and lack of candor), aff'd, 891 F.3d 508 (4th Cir. 2018). Therefore, the Court denies Defendants' request for additional sanctions in the form of attorney's fees and costs.

VII. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Defendants' omnibus motion, (Doc. No. 106), is **GRANTED in part** and **DENIED in part**:

    a. The summary judgment order, (Doc. No. 78), and the oral order striking Defendants' amended answer and counterclaim are **VACATED**, and Plaintiff is ordered to immediately transfer the domain names identified above back to Defendants;

    b. The preliminary injunction, (Doc. No. 30), is **DISSOLVED**;

    c. Defendants' request for summary judgment is **DENIED without prejudice**; and

    d. Defendants' request for additional sanctions in the form of attorney's fees and costs is **DENIED**.

2. Plaintiff's motion for attorney's fees, (Doc. No. 79), and motion for order to show cause, (Doc. No. 81), are **DENIED as moot**.

Signed: March 12, 2020

Robert J. Conrad, Jr.
United States District Judge