# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-727-RJC-DCK

| | |
|---|---|
| LA MICHOACANA NATURAL, LLC, | )
| | )
| Plaintiff, | )
| | )
| v. | ) **ORDER**
| | )
| LUIS MAESTRE, ADRIANA TERAN, and | )
| LA LINDA MICHOACANA, | )
| | )
| Defendants. | )
| | )

**THIS MATTER IS BEFORE THE COURT** on non-party PLM Operations, LLC's "Motion For Costs And Attorneys' Fees" (Document No. 93) filed October 4, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

The relevant background to the pending motion begins on or about August 14, 2019, when the "Motion To Quash Subpoena Served On Non-Party PLM Operations, LLC" (Document No. 87) was filed with this Court. The "Motion To Quash…" sought to quash a subpoena issued by Plaintiff La Michoacana Natural, LLC ("Plaintiff" or "LMN") on July 26, 2019, pursuant to Fed.R.Civ.P. 45. See (Document No. 92, p. 1) (citing Document No. 87, p. 1). The motion also sought an award of reasonable costs and attorneys' fees for bringing the motion. (Document No. 87, p. 4). PLM Operation, LLC ("PLM" or "Movant") filed a "Brief In Support…," as well as other supporting documents and declarations. See (Document Nos. 88, 89, and 90).

Responses to the "Motion To Quash…" (Document No. 87) were due by August 28, 2019. See Local Rule 7.1(e). Plaintiff failed to file a response or to request an extension of time to file a response to the "Motion To Quash…" (Document No. 87).

The Court granted PLM's "Motion To Quash…" on September 4, 2019. (Document No. 92). In granting the motion, the Court noted PLM's representations that: "(1) it has never been a party to this case; (2) the latest discovery deadline passed on August 1, 2019; and (3) the Court has already granted summary judgment for Plaintiffs, allowed injunctive relief, and awarded damages." (Document No. 92, p. 1) (quoting Document No. 87, pp. 1-2). The undersigned also ordered that "Plaintiff shall reimburse PLM for its reasonable costs and attorney's fees in preparing and filing the pending motion and its supporting documents." (Document No. 92, p. 2).

On October 4, 2019, PLM filed the pending "Motion For Costs And Attorneys' Fees" (Document No. 93). By this motion, PLM seeks an award of "$43,618.00 in costs and attorneys' fees to be paid by Plaintiff." (Document No. 93, p. 1). "Plaintiff's Opposition to Non-Party PLM Operations, LLC's Motion for Attorney Fees and Costs" was filed on October 22, 2019. PLM filed its "Reply In Support Of Motion For Costs And Attorneys' Fees" (Document No. 101) on October 29, 2019.

Since this pending motion became ripe, there have been some significant developments in this case. Most notably, following a motion hearing on March 3, 2020, the Honorable Robert J. Conrad, Jr.: (1) revoked the pro hac vice admission of Plaintiff's counsel Stephen L. Anderson; (2) vacated his summary judgment order in favor of Plaintiff; (3) dissolved the preliminary injunction; and (4) allowed Plaintiff's local counsel, Albert P. Allan, to withdraw from this case. See (Document Nos. 130, 131, 132).

Underlying these decisions was Judge Conrad's finding that Plaintiff's counsel, Mr. Anderson, had engaged in a "pattern and practice of deception . . . and unprofessional conduct"

2

and that "Anderson's conduct before this Court is the most contumacious the Court has experienced." (Document No. 130, p. 9, 20-21).

It is also noteworthy, that since filing motions to quash and for costs and fees, PLM's counsel – Laura L. Chapman, Matthew S. DeAntonio, and Corby C. Anderson – have filed notices of appearance on behalf of Defendants in this lawsuit. See (Document Nos. 103, 104, and 105).

## DISCUSSION

In support of its motion for costs and fees, PLM first notes that the Court has "already ruled that PLM is entitled to recover its reasonable costs and attorneys' fees 'in preparing and filing the pending motion [to quash] and its supporting documents.'" (Document No. 94, p. 2) (quoting Document No. 92, pp. 2-3). Thus, according to PLM, the only question is whether the costs and fees are "reasonable." Id.

Regarding costs, PLM only seeks reimbursement of $281.00 for Laura Chapman's pro hac vice admission fee. (Document No. 94, p. 2); see also (Document No. 86). PLM seeks $43,181.00 in attorneys' fees. Id. PLM contends that such an award of fees is reasonable because these fees: only include time spent preparing the motion to quash; they are for discounted hourly rates; they were necessary to incur based on the parties' history of litigation over the trademarks at issue in this dispute; and they were ultimately reduced by filing the motion to quash here instead of in the Northern District of California. (Document No. 94, pp. 2-3). PLM further asserts that it tried to decrease costs and fees by attempting to confer with Plaintiff about the underlying subpoena in an effort to negotiate a resolution, but Plaintiff did not participate in good faith. (Document No. 94, p. 4).

3

Citing the declaration of local attorney, Kiran Mehta, PLM contends that its "costs and fees are reasonable and customary in this jurisdiction." (Document No. 94, p. 4)(citing Document No. 97).

"Plaintiff's Opposition…" first argues that the pending motion for costs and fees should be denied because PLM's motion to quash "contained several outright falsehoods and a number of erroneous allegations." (Document No. 100, p. 1)  Plaintiff goes on to argue the merits of the motion to quash, but declines to explain, or even mention, its failure to file a response to the motion to quash. (Document No. 100, pp. 2-7).

Next, Plaintiff suggests that allowing PLM's request for costs and fees will result in manifest injustice because the Court had found that Plaintiff owns valid, enforceable trademarks and entered injunctive orders in its favor. (Document No. 100, p. 7).  Plaintiff seems to contend that its actions related to non-party PLM were part of an effort to enforce the Court's injunction against Defendants. (Document No. 100, p. 8).  Moreover, Plaintiff suggests that an award here would "serve as a manifest injustice" because the undersigned ruled too promptly on the motion to quash while earlier filed motions, not referred to the undersigned, were still pending. (Document No. 100, p. 9); see also (Document No. 100, p. 11).  Unhelpful to Plaintiff's argument, but consistent with Judge Conrad's findings as to Plaintiff's counsel's conduct, the motion describes PLM as "third party scofflaws"  Id.

Last, Plaintiff asserts the requested costs and fees are unreasonable "for the minimal tasks of reviewing subpoena requests, conducting a brief teleconference, and preparing a single Brief…." (Document No. 100, p. 9).  Plaintiff further asserts that the request is excessive and vague, and the billing entries include inconsistent and inexplicable charges. (Document No. 100, p. 10).

4

In reply, PLM argues that Plaintiff cannot avoid paying costs and fees by relitigating the motion to quash – "LMN had a full and fair opportunity to respond to that motion and chose not to do so." (Document No. 101, p. 1). "The Court has already issued its ruling and awarded PLM costs and attorneys' fees." (Document No. 101, p. 2)(citing Document No. 92).

In addition, PLM argues that Plaintiff has increased the litigation costs and fees by "refusing to comply with the local rules, making false statements, and engaging in name calling." Id. PLM then re-asserts that its fees are reasonable. (Document No. 101, pp. 3-4).

In short, the undersigned agrees with PLM's assessment that the only issue before the Court is the reasonableness of the costs and fees and the amount of an appropriate award.

> Rule 45(d)(1) provides "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). It also requires the court to "enforce this duty and impose an appropriate sanction—which may include ... reasonable attorney's fees—on a party or attorney who fails to comply." Id.

Jiangmen Kinwai Furniture Decoration Co. Ltd v. IHFC Properties, LLC, 2015 WL 12911773, at *1 (M.D.N.C. Oct. 27, 2015). "The Court also has the inherent authority to award attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" 2015 WL 12911773, at *2 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 4-46 (1991)). "Even if sanctions were not appropriate under Rule 45(d), they would be appropriate in the Court's inherent authority." Id. In the foregoing Middle District of North Carolina case, the Honorable Catherine C. Eagles found that "counsel for the moving parties reasonably spent eleven and three-quarters hours on the motion" to quash four subpoenas and awarded costs and fees. Id. at *3.

In this case, Since Ms. Chapman has subsequently filed a notice of appearance on behalf of Defendants, the undersigned will respectfully decline to order that she be reimbursed for the

5

cost of her pro hac vice admission.  As to attorneys' fees, PLM should recover a reasonable amount, but candidly, the Court is perplexed at the number of hours billed by multiple attorneys to contest an untimely subpoena issued to a non-party.  The first three pages of PLM's motion were sufficiently compelling in this instance.  See (Document No. 92, pp. 1-2) (citing Document No. 87, pp. 1-3).

The undersigned is reluctant to second-guess the case management decisions of capable counsel;  nevertheless, the total amount of time spent on the underlying motion and the amount billed by two different partners is striking.  See (Document Nos. 95-1 and 96-1)(58.1 hours billed by Laura Chapman or Corby Anderson;  88.1 total hours billed).  On August 14, 2019, the day the motion to quash was filed, the two partners, and a senior attorney, Matt DeAntonio, billed a total of 20 hours.  Id.  In contrast to the hours billed by senior counsel, the one associate apparently assigned to the case billed for a total of 1.3 hours.  (Document No. 95-1).  The undersigned finds that over 85 hours of senior attorney billing for a relatively simple motion to quash is too much.

In addition, the Court's effort to evaluate the reasonableness of the time billed is hampered by counsel's "block billing."  See (Document Nos. 95-1 and 96-1).

> "Block billing occurs when attorneys lum[p] tasks together in time entries rather than making such entries task-by-task." Lamonaca, 157 F. Supp. 3d at 519 (alteration in original) (quotation marks omitted).  "Entries that lump multiple tasks together under a single time entry present a significant barrier to a reasonableness review." Route Triple Seven, L.P. v. Total Hockey, Inc., 127 F. Supp. 3d 607, 621 (E.D.Va. 2015).

Ramirez v. Liberty Life Assurance Co. of Boston, 3:18-CV-012-RJC, 2019 WL 4199808, at *4 (W.D.N.C. Sept. 4, 2019).  Presumably, counsel intended to simplify the Court's review.  Still, the lack of specificity and the extent of the billing here compels the undersigned to determine a reasonable amount of fees without an hour-by-hour analysis.  The undersigned concludes that

approximately one-third of the proposed attorneys' fees – $14,539.00 – is a reasonable sanction against Plaintiff.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that non-party PLM Operations, LLC's "Motion For Costs And Attorneys' Fees (Document No. 93) is **GRANTED**. Plaintiff shall reimburse counsel for non-party PLM for attorneys' fees in the amount of **$14,539.00**, by **June 1, 2020**.

**SO ORDERED**.

Signed: April 2, 2020

David C. Keesler
United States Magistrate Judge