# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-727-RJC-DCK

| | |
|---|---|
| LA MICHOACANA NATURAL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| LUIS MAESTRE, ADRIANA TERAN, and LA LINDA MICHOACANA, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Quash Subpoenas Served On Non-Party PLM Operations, LLC And Non-Party Lorenzo Barraza" (Document No. 154) filed October 15, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

By the instant motion, non-party PLM Operations, LLC ("PLM") and its employee, non-party Lorenzo Barraza ("Barraza") (collectively, "Movants"), seek to quash three subpoenas they received from Plaintiff La Michoacana Natural, LLC ("Plaintiff") on or about September 14, 16, and 23, 2020 pursuant to Federal Rule of Civil Procedure 45(d)(3). (Document No. 155, p. 8). According to the pending motion, the subpoenas include "a subpoena seeking documents from PLM, a subpoena seeking deposition testimony from PLM and a subpoena seeking deposition testimony from Mr. Barraza." (Document No. 154, p. 1).

Notably, the Movants describe Plaintiff's issuance of a previous subpoena to PLM on July 26, 2019. (Document No. 155, p. 4). That subpoena sought various documents from PLM

concerning, among other things, communications between PLM and Defendant Luis Maestre and PLM and any business in North Carolina operating under the name "La Michoacana," information about PLM freezer units in North Carolina, and information regarding the distribution of PLM ice cream products in North Carolina. (Document No. 90-1, pp. 5-9). This Court issued an order granting PLM's motion to quash that subpoena on September 4, 2019. (Document No. 92). The reasoning underlying the decision to grant the motion to quash included (among other reasons): (1) PLM's "compelling" arguments about the irrelevance of the subpoena to the claims or defenses of the present lawsuit; (2) Plaintiff's lack of attempt to obtain the information sought by the subpoena from the Defendants; (3) Plaintiff's failure "to comply with LCvR 45.2, in that Plaintiff did not give notice of the subpoena to Defendants at least three calendar days before issuing it to PLM"; (4) the lack of response to the motion to quash the subpoena; and (5) "Plaintiff's counsel's failure to apparently meet-and-confer in good faith." Id. at p. 2.

## STANDARD OF REVIEW

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparties can be served subpoenas and be required to testify at depositions and produce documents. Fed.R.Civ.P. 45. Rule 26 governs the limits of what information a subpoena may seek: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering…whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1945). Furthermore, the decision "whether to enforce or quash a party's subpoena[] is left within the district court's broad discretion." In re OSB Antitrust Litigation, 115 F. Supp. 3d 649, 652 (W.D.N.C. 2006).

2

When a subpoena "subjects a person to undue burden," the district court "where compliance is required must quash or modify" that subpoena. Fed.R.Civ.P. 45(d)(3)(A)(iv). "The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source." Eshelman v. Puma Biotechnology, Inc., 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017).

## DISCUSSION

With respect to Movants' present motion to quash the three subpoenas from Plaintiff, PLM argues that the underlying subpoenas should be quashed for the following reasons:

    a. The subpoenas seek documents and testimony that are not relevant to any claims or defenses in the action, are disproportionate to the needs of the case, and are unduly burdensome.

    b. Plaintiff has made no attempt to obtain the requested information from a party to the case prior to serving the subpoena on non-parties PLM and Barraza.

    c. Plaintiff failed to comply with LCvR 45.2, in that Plaintiff did not give notice of the document subpoena to Defendants at least three calendar days before issuing it to PLM.

    d. The subpoena for documents served on PLM seeks a subset of information sought in a prior subpoena to PLM that the Court previously quashed. (Doc. 92). Testimony about those documents and the topics related to those documents should be quashed for the same reasons.

(Document No. 154, pp. 1-2).

As to Movants' argument about the irrelevance of the subpoenas to the claims or defenses of this lawsuit, they argue that PLM and Barraza are entirely irrelevant to the case since "[t]rademark rights derive from priority of use and continuous use of the marks," and "Defendants'

3

claim of priority is based on Defendants' own, independent use of the marks." (Document No. 155, pp. 1-2). Thus, "[a]ny license agreement" alleged to exist between Defendant and PLM "is irrelevant because Defendants are not claiming priority through PLM." Id. at p. 2. Movants therefore contend that Plaintiff's service of the subpoena, motivated by "the initial disclosures served by [Defendants' former counsel that has since withdrawn from the case which] identified PLM and Barraza as having discoverable information," was informed by mistaken premises, for "Defendants do not claim priority through PLM." Id. at p. 9. Furthermore, Plaintiff contends that Defendants' responses to the third interrogatory indicate that they "should not be found liable for trademark infringement because [Maestre] received permission from PLM, in effect a license, and that he used the marks in good faith believing that he had permission to do so." (Document No. 158, p. 4). Movants argue that such a basis for issuing a subpoena to PLM and Barraza is misguided because the amended answer "does not contain any defense relating to a lack of intent or innocent infringement," thus mooting the relevance of any "discovery from Mr. Barraza or PLM" on licensing issues, including "naked licensing" that Plaintiff asserts makes the subpoenas relevant. (Document No. 158, p. 5); (Document No. 161, p. 2).

As to the other topics contained in the 30(b)(6) subpoena served on PLM (Document No. 155-6), Movants contend in addition to the argument that the information sought is irrelevant that Plaintiff made no effort to obtain such information from Defendants prior to serving subpoenas on Movants, non-parties to the present lawsuit. (Document No. 155, pp. 14-16). Plaintiff acknowledges that it will "question [Defendant] Maestre" on certain of these topics, "but [it] is also entitled to question Barraza and PLM to test the veracity of Mr. Maestre's statements." (Document No. 158, p. 4). This argument is inapposite. The information that Plaintiff seeks is, by Plaintiff's own admission, available from Maestre, a Defendant and party to the case. Serving

4

subpoenas on non-parties for precisely the same information is not warranted.  See Johnson v. Wal-Mart Stores East, L.P., 2012 WL 346679, at *3 (W.D.N.C. Feb. 2, 2012) (granting a motion to quash subpoenas where "the better practice here would have been for Plaintiff to seek information directly from Defendant, rather that[sic] issuing subpoenas to twelve (12) different non-parties").  The undersigned is persuaded by Movants' reasoning that here, the information sought in the subpoenas was clearly "available from another source."  Eshelman, 2017 WL 5919625, at *4.

The undersigned finds each of Movants' arguments described above to be compelling. Furthermore, as Movants state in their brief supporting their motion to quash the subpoenas, with respect to the document subpoena served on PLM and the deposition testimony sought from PLM regarding those same documents, many of the documents sought were also sought by the subpoena that the Court previously quashed.  See (Document No. 92); (Document No. 155, p. 16).  For that reason, the undersigned is convinced that forcing PLM to provide documents or testify in a deposition about those documents would run afoul of its order granting the motion to quash the previous subpoena given that the subpoenas at issue here are essentially "duplicative of the prior quashed subpoena." (Document No. 155, pp. 15-16).  Based on Movants' motion and briefs in support, considering the irrelevance of the requested information sought in the subpoenas, and, notwithstanding such irrelevance, the availability of such information from Defendants themselves, the undersigned will allow the requested relief.

**IT IS, THEREFORE, ORDERED** that the "Motion To Quash Subpoenas Served On Non-Party PLM Operations, LLC and Non-Party Lorenzo Barraza" (Document No. 154) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall reimburse Movants for their reasonable costs and attorney's fees in preparing and filing the pending motion and its supporting documents. The parties are respectfully encouraged to resolve this issue without further intervention; however, if they are unable to do so, PLM and Barraza may file a separate motion including appropriate support for the reasonable costs and fees its seeks, on or before **March 11, 2021**.

**SO ORDERED.**

Signed: February 17, 2021

David C. Keesler
United States Magistrate Judge